*THE BANK OF POUGHKEEPSIE *vs.* IBBOTSON.      [ *473 ]

An *action at law* lies against an *individual stockholder* of a corporation formed under the *act relative to incorporations for manufacturing purposes,* for debts owing by the company at the time of its dissolution ; and he may be charged to the extent of his shares of stock.

In such suit, it is not necessary to allege specially in the declaration the grounds relied on as evidence of dissolution ; a general averment of dissolution is enough.

A *joint* action against *all* the stockholders it *seems* cannot be maintained.

DEMURRER to declaration. The plaintiffs in their declaration, stated that on the *9th January*, 1839, a certain corporation for manufacturing purposes, known as " The New York Stock Frame and Cotton Manufacturing Company," had been incorporated pursuant to the act entitled " An act relative to incorporations for manufacturing purposes," passed 22d March, 1811, and the amendments thereto, and as such was doing business at the town of Poughkeepsie, in the county of Dutchess, and afterwards and before the commencemnt of this suit, to wit, *on the 20th day of June*, in the year aforesaid, *when the said corporation was dissolved in fact;* that on the 9th day of January aforesaid, the company had become indebted to the plaintiffs in the sum of $1000 ; that the plaintiffs duly prosecuted their suit in this court against the company, for the recovery thereof, and on the 9th January, 1839, by the judgment of the court, recovered against the company $706,39 damages and costs ; that on the 18th January, 1839, a *fieri facias* was duly issued, which was returned *nulla bona,* &c. ; that the corporation have no goods or chattels, lands or tenements which can be levied on to satisfy the judgment ; that *at the time judgment was obtained,* to wit, on, &c., and at the time of the issuing and return of the execution, the defendant in this cause *was a stockholder* and owner of shares of stock in the said company to a large amount, to wit, to the amount of $2000, and as such stockholder, composed one of the company. By means of which premises, and by force of the statute entitled " An act relative to *incorpora-     [ *474 ] tions for manufacturing purposes," passed 22d March, 1811, and the amendments thereto, and the certificate of incorporation duly filed, *the defendant became and was individually liable* to pay to the plaintiffs the full amount of the said judgment ; and being so liable, &c. promised to pay, &c.

To this declaration the defendant *demurred,* and assigned as special causes of demurrer the following : 1. that it is not averred that the company *have*

*not* equitable interests, debts due to them, money or other property which could be appropriated to the payment of its debts, and to an amount sufficient without resorting to the stockholders ; 2. that it is not averred that there has been any settlement of the concerns of the corporation, or of the liabilities of the individual shareholders, so that it might appear whether the shares had been paid for by all the shareholders ; whether the company was in fact insolvent; and in what amount the shareholders were respectively liable ; 3. that it is not averred that the li ibilities of the defendant and other shareholders have not already been discharged in payment of other debts of the corporation ; 4. that it does appear by the declaration *that there are other shareholders* besides the defendant who are liable with him, if this action can be sustained, and therefore should have been joined as co-defendants ; and 5. that *an action at law* cannot be sustained against *an individual stockholder*, or even against *all* the stockholders ; that the remedy is in equity, &c. The plaintiffs joined in demurrer. The cause was submitted on written arguments.

*A. H. Dana,* for the defendant, insisted that the section of the statute under which this action was brought contemplated a dissolution of the corporation in the ordinary course, by limitation of time ; after which, there being no corporation, it was necessary that there should be some other resort for unpaid debts.

He argued, that at one time it was supposed that a dissolution of a corporation could not take place within the time limited by the charter, except by surrender of its corporate franchises, or a forfeiture declared by judgment of law on scire facias. After an elaborate discussion, however, it [ *475 ] was *finally settled that a corporation might be dissolved by its ceasing to own property, and abandoning its business without ability to resume it. *Per Spencer, Ch. J. in Slee* v. *Bloom,* 19 *Johns. R.* 477. *Woodworth, J. in Briggs* v. *Penniman,* 8 *Cowen,* 391.

It is recited in this declaration that the corporation was *dissolved in fact.* It is not a technical averment, in reference to the statute. Any other mode of dissolution than by expiration of time must be set forth with certainty ; and to make out such constructive dissolution, there must be *insolvency* of the corporation. As to creditors, a corporation cannot be dissolved within the time limited by the charter while it has funds. This is conceded in all the reported cases, and the plaintiffs in fact admit it, and aver that there was no property that could be taken in execution. This might be, and yet sufficient assets might exist to pay all the debts. Unpaid subscriptions are corporate property, and can be reached by the creditors in a court of equity. *Per Spencer, Senator, in Briggs* v. *Penniman,* 8 *Cowen,* 395, and see also

*Slee* v. *Bloom*, 19 *Johns. R.* 484. The decree was that the subscription should be paid in full.

*Secondly.* The shareholders are to be *individually* responsible as distinguished from corporate liability, but not *severally.* The corporation is in fact a partnership, with some of the incidents of a corporation ; and after dissolution it is strictly a partnership liability, which must be enforced against *all* the shareholders. If it is supposed that each is liable severally, what is to prevent suits by a creditor against each of the shareholders at the same time ? Neither shareholder can plead the pendency of a suit against the others. Again : *all* the creditors may, upon the same principle, sue each for himself a single shareholder at the same time. Can it be that such a proceeding could have been intended by the statute ? These difficulties in the application of the rules of pleading tend to show the remedy at law inappropriate. The proper proceeding, and the *only one*, is in chancery. *In general*, the jurisdiction of chancery and courts of law is not concurrent. All the cases in the books under this section of the statute were in chancery, *and jurisdiction was entertained because there was [ *476 ] no remedy at law. *Per Chancellor Sandford*, 1 *Hopk.* 305. The fund liable for debts (that is the sum of all the individual liabilities) is to be distributed *rateably. Per Woodworth, J. in Briggs* v. *Penniman.* 8 *Cowen*, 392. It is a fund belonging to all the creditors. The right cannot be varied by a lien in favor of *one* creditor by judgment and execution against the corporation. The lien arising under a creditor's bill is given by statute, 2 *R. S.* 174, § 39 ; but it takes effect only by the filing of a bill. *Corning* v. *White*, 2 *Paige*, 569. It is to be regarded as a *trust*, of which courts of law do not take jurisdiction. *Brown* v. *Le Roy*, 4 *Johns. Ch. R.* 651. *Egberts* v. *Wood*, 3 *Paige*, 518.

The question to be determined is, whether the complicated interests necessarily involved in the case of a dissolved corporation can be disposed of by suits at law ; and it ought to be considered not only in respect to the injustice that may thus be done, but whether it is compatible with the course of *legal proceedings* to try such rights. A shareholder may by plea in abatement cause all the parties to be brought in. Then there must be an investigation as to the assets of the corporation. The primary liability of the shareholders is for their subscriptions. These must first be exhausted ; then the accounts of each of the shareholders with the corporation must be investigated. They are entitled to set off whatever they have advanced in payment of the debts of the corporation. The liability of each may be different, and there would have to be several judgments. These difficulties furnish sufficient ground for the court to declare the remedy inappropriate, as they would do in a suit by one partner against another, or of a creditor against a trustee for an unliquidated claim upon a trust fund ; and that it is

not necessary to obtain the intervention of the court of chancery by injunction.

*S. A. Foot*, for plaintiffs. The declaration contains all the averments requisite to show a full right to recover as the counsel for the defendants appears to concede, except that there ought to have been fuller averments respecting *the dissolution of the corporation, viz. that its insolvency, abandonment of its business, and destitution of funds to pay debts, should have been alleged in addition to the facts stated.

There are two kinds of dissolutions of corporations ; one in fact, and the other in form. The latter is only effected by the judgment of a court of competent jurisdiction ; the former by the acts or omissions of the corporation ; and whether a corporation has been dissolved in fact, depends on a variety of circumstances, and is always a subject of proof. This fully appears by the two cases on this subject which have been decided in our courts. *Slee* v. *Bloom, and Penniman* v. *Briggs*, 1 *Hopk. R.* 300.   8 *Cowen*, 387, *S. C. in error*. Those cases have also settled this further proposition, that the right of a creditor to resort to the stockholders, attaches upon a *dissolution in fact* of the corporation. The declaration in this case, instead of setting forth the *evidence* of a dissolution in fact of the corporation, contains a full and unqualified averment of such dissolution. This is the proper and well established mode of pleading. When the parties come before a court and jury, then it will be material to inquire what facts constitute a dissolution, and whether they exist in this case.

The next subject of inquiry is, whether a creditor of a corporation can maintain *an action at law* on this statute. The statute does not confine the remedy to a court of chancery. As a general rule, a statutory liability is more appropriately and more commonly enforced *at law*, than in chancery. If stockholders have no remedy under this statute except in chancery, then in most cases the statute will be useless. Suppose a creditor has a debt for $150, must he go through the tedious and expensive process of a chancery suit, in which all the stockholders as well as all the creditors must necessarily be made parties, and the rights of all, as between each other, adjusted before he can have his $150 ?   Or, may he select a stockholder who owns stock to an amount beyond that of his debt, and call upon him for payment, and if such stockholder has a claim on others for contribution, leave him to enforce such claim ?   If the *statute means anything, each stockholder is liable for the debts of the corporation to the extent of his stock—and when he has paid to that extent, he is no longer liable. It is unnecessary to inquire at this time whether a stockholder can plead in abatement the non-joinder of other stockholders, though it appears to me clearly not, as they own different amounts of stock, and are consequently

subject to different rules of liability. One may be liable for $100, another for $1000, and a third for $5000.

There is no doubt, and the two cases already referred to, show that a creditor may seek redress, *in equity*, under appropriate circumstances ; and where he has a large claim, and must resort to *several stockholders* to obtain satisfaction, the court of chancery would probably be the more appropriate tribunal ; and being appealed to, it would probably in accordance with its general course bring in all parties interested and settle the whole matter in one suit. But suppose there is but one creditor, and but one solvent stockholder, or but one who owns over one hundred dollars of stock ; or but one creditor, and his debt less than $100, and not one stockholder who owns over $100 of stock—would the court of chancery then be the appropriate tribunal ? *See* 2 *R.* S. 173, § 37.

Will this court refuse its aid in a clear case of liability, where, so far as appears, there is but one creditor, and but one stockholder who is liable ? If the defendant has an equitable and not a legal defence, the court of chancery is open to him, and on filing his bill he will obtain the desired relief. But if he has no equitable defence, nor any claim to contribution from his co-stockholders, should not this court enforce the plaintiffs' right ? If the plaintiffs are the only creditors, and the defendant the only stockholder liable, would not a court of equity refuse to interfere, on the ground that there was an adequate remedy at law ? Every thing of late years in this state has received such a tendency to the court of chancery, that my learned opponent seems to think that *this court* must volunteer in this case to *presume* a state of facts, to deprive it of one of its appropriate functions, viz. the enforcement of statutory liabilities ; *and having made the presumption, [ *479 ] must act upon it, and surrender an important branch of its jurisdiction.

*By the Court*, NELSON, Ch. J. The principal question sought to be presented in this case is, whether *an action at law* will lie to charge the stockholder personally under the act.

The seventh section provides, that for all debts due and owing by the company at the time of its dissolution, the persons then composing it shall be individually responsible to the extent of their respective shares of stock. 3 *R. S.* 222. It has been repeatedly held that the dissolution here spoken of, in order to subject the shareholder, may be shown short of judicial proceedings for that purpose. Having ceased to act, and being without funds and indebted, it is to be deemed dissolved so far as to give the remedy to the creditor. 19 *Johns. R.* 456. *Hopk.* 300. 8 *Cowen*, 387. This dissolution *sub modo* being proved, the liability of the stockholder, as declared by the act, becomes absolute ; and I see no valid objection to the enforcement of it in a court of law. There can be no greater difficulty in estab-

lishing or resisting the demand there, than in a court of equity, as the ground and extent of the liability are distinctly given. It is true, the stockholder may be subjected to several suits; but he can be charged only to the extent of his stock. Beyond this, his defence is as perfect at law as in equity. On payment of debts, or a personal charge in respect to them to this amount, there is an end of further liability. It was made a question in the several cases above referred to, whether the suit in equity could be maintained, on the ground of a remedy at law; the answer given confirms the view we have taken—it is, that the creditor is entitled to contribution from all the stockholders, if requisite to the satisfaction of his debt, and that numerous suits might become necessary. To avoid this, he may resort to that court. The creditors, if more than one, may also, it seems, if they apprehend a deficiency, in the fund, enforce in equity a *pro rata* distribution. 8 *Cowen*, 392. But this must be at their election. Any difficulty that may exist on the part of the *stockholder, in protecting [ *480 ] himself beyond the statute liability, has never been suggested as a ground for proceedings in equity. Indeed, it is clear, that as to him the defence is as perfect, if not as simple, in the one court as in the other. This question has been before the chancellor in an analogous case, in which he held, inasmuch as the creditors had a concurrent remedy at law, the statute of limitations, applicable to the proceedings there, equally governed in equity. 3 *Paige*, 409. See also *Angel & Ames on Corp.* 369.

, It is supposed, the pleader should have set out in the declaration the grounds upon which a dissolution is predicated. We think not. The fact, upon which the statute liability depends in this respect, to wit, the dissolution, is averred—and the decisions point out the nature of the proof required to establish it.

There can be no doubt, that the liability of the stockholders is *several* and not *joint*. The measure of it may be wholly different in each case, depending upon the shares held. A joint suit would be impracticable, as there could be no joint judgment. Besides the act did not intend they should be sureties for each other. Each is severally responsible to the amount of his own stock.

The plaintiffs, I think, are entitled to judgment on the demurrer.