JOHN A. WEEKS, Respondent, v. THOMAS LOVE, Appellant.

The right of a creditor of a manufacturing corporation, organized under the act of 1848, authorizing the formation of corporations for manufacturing and other purposes (Laws of 1848, chap. 40), to maintain an action against one or more of the stockholders of such corporation to enforce the liability imposed upon them by said act (section 10), is a several and distinct right, and not a joint right in the creditors generally.

He can, therefore, sue alone to enforce this liability, although there may be other creditors similarly situated.

(Argued December 11, 1872; decided December 24, 1872.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff entered upon a verdict rendered under the direction of the court.

The nature of the action and the facts pertinent to the question discussed, appear in the opinion.

*William F. Shepard* for the appellant. This action is not authorized; the right of action is given to all the creditors of the company similarly situated, jointly. (*Osgood* v. *Laytin*, 5 Abb. [N. S.], 1, 9, 10; 4 Eds. Stat. at Large, 202, 210, § 20; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend., 472; *Garrison* v. *Howe*, 17 N. Y., 458; *Burr* v. *Wilcox*, 22 id., 551.)

*Theodore F. Sanxay* for the respondent. The right to sue on a stockholder's liability is a several and distinct right, and not a joint right in the creditors generally. (*Corning* v. *McCollough*, 1 N. Y., 47; *Abbot* v. *Aspinwall*, 26 Barb., 202; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend., 472; *Garrison* v. *Howe*, 17 N. Y. [3 Smith], 458, 462; *Burr* v. *Wilcox*, 22 id. [8 Smith], 551, 557.)

ANDREWS, J. This action was brought to recover of the defendant, as a stockholder in the Peekskill Enameled Iron Company, a manufacturing corporation, organized under the act of February 17, 1848, the amount of a debt owing by the company to the plaintiff, upon which judgment had been recovered against the company, and execution thereon returned unsatisfied before the commencement of the action.

By the tenth section of the act it is declared that all the stockholders of a company incorporated under it shall be severally individually liable " to the creditors of the company," to an amount equal to the stock held by them respectively, for the debts of the company until the whole capital stock shall have been paid in.

The twenty-fourth section declares that no stockholder shall be personally liable for the payment of any debt of the company which " is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of the debt shall be brought against the company within one year after the debt shall become due."

The liability of the defendant as a stockholder under this act is not contested; nor that the plaintiff is a creditor, for whose benefit this liability can be enforced.

It appears, however, that there are other creditors of the company similarly situated with the plaintiff; and the objection is taken, which raises the only question in the case, that the plaintiff cannot sue alone, and that his only remedy to enforce the liability of the defendant, under the statute, is by an action to which all the creditors, standing in a similar relation, shall be parties.

It has been settled by decisions in this State, in actions brought by a single creditor to enforce a stockholder's liability under this and other statutes containing similar provisions, that an action at law could be maintained against one of several stockholders to recover a debt owing by the corporation. (*Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend., 472; *Garrison* v. *Howe*, 17 N. Y., 458.)

The point that the action could not be maintained by a single creditor, where there are others similarly situated, was not directly taken; but the liability of a single stockholder to be sued was contested on the ground, among others, that such a construction of the statute would subject a stockholder to suits by separate creditors, and to the costs of several actions; and the court, in the cases referred to, assumed that this result would follow, but held that this inconvenience was not a sufficient ground for exempting a stockholder from liability in an action at law.

These decisions recognize the rule that an action can be maintained by a single creditor; and although it does not distinctly appear in these cases that there were other creditors than the plaintiffs therein, it does appear that the corporations, in which the defendants were stockholders, were dissolved or had become insolvent, and, by clear implication, that there were corporate debts other than those upon which the actions were brought.

To hold that the plaintiff could not maintain this action because there were other creditors, would confine the appli-

cation of these decisions to the case of a suit against a stockholder by the sole creditor of the corporation.

The right of one of several creditors to maintain the action is also the reasonable construction of the statute.

Construing the tenth section in connection with the twenty-fourth section, it is apparent that the declaration in the tenth section, that the stockholders shall be liable to the " creditors " of the company, does not create a liability in favor of all the creditors.

This liability is, by the twenty-fourth section, limited to such creditors as have debts which were payable within a year from the time they were contracted, and upon which judgment had been obtained against the corporation upon suit brought within the same time after they became due.

The right to bring suit against the stockholder is a several and distinct right in the creditor, depending upon special circumstances, and not a joint right in the creditors generally.

The provision in the twenty-fourth section that no suit shall be brought against a stockholder who has ceased to be such for " any debt so contracted," unless brought within two years after he has ceased to be such, confirms this construction.

It assumes a liability to suit for a debt as a single, complete cause of action, and not merely a liability in equity to be enforced in an equitable action.

The personal liability of stockholders, under these acts, may be enforced in an equitable action against all the stockholders. The liability is created for the security of creditors; and, upon the dissolution or insolvency of the corporation, it may be treated as corporate property; and the court may, in a proper action, provide for taking an account and enforcing the liability of all the stockholders for the benefit of all the creditors entitled to share in the fund collected from the stockholders, in satisfaction of their liability. (*Briggs* v. *Penniman*, 8 Cow., 387; *Mann* v. *Pentz*, 3 Comstock, 415; *Osgood* v. *Laytin*, 5 Abb. [N. S.], 1.) And it was intimated in *Garrison* v. *Howe* that a stockholder who had been sued by a creditor, in case a recovery against him would sub-

ject him to a greater liability for the debts of the corporation than his share, as between himself and the other stockholders, might commence an equitable action against all the creditors and stockholders for an account and for contribution, with a view to distribute the burden of the debt among the stockholders according to the amount of stock held by them respectively.

But these questions do not arise in this case.

The sole ground urged by the appellant here is that an action at law, where there are several creditors, will not lie, in any case, in favor of one of them, against a stockholder in a corporation organized under the act of 1848.

This cannot be sustained upon the construction of the act, or upon the authorities.

The stockholder, when judgment has passed against him, and his personal liability is fixed for the debts of the corporation to an amount equal to the stock held by him, or when he has paid debts of the corporation to that amount, is relieved from further liability.

Until that time he may be charged in an action by a single stockholder.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.