JOHN ROACH et al., Respondents, *v.* ISAAC F. DUCKWORTH, Appellant.

Defendant loaned $6,000 to the A. I. Works, a corporation organized under the General Manufacturing Act (Chap. 40, Laws of 1848). B., a trustee

of the corporation, pledged as collateral for the loan bonds of the corporation to the amount of $6,000, owned by him and for which he had paid full value. The loan not having been paid, defendant sold the bonds at public auction for $640 to C., who thereafter commenced suit against plaintiff R., a trustee of the corporation, to enforce his liability because of a failure on the part of the officers to file annual reports as required by the act. Judgment was rendered in said action for the full amount of the bonds. This judgment C. settled and satisfied on payment to him by R. of $1,300. Defendant also commenced suit against R. and the other trustees, plaintiffs herein, to enforce their liability to him on account of the loan, and obtained judgment for the balance due after deducting the $640 received on sale of the bonds and some interest which had been paid. This judgment was affirmed on appeal by the General Term and by this court. This action was brought to restrain the collection of said judgment and the judgments for costs on appeal. It was alleged, and the court found, that the sale of the bonds to C. was a sham ; that he purchased and prosecuted the action against R. solely for the benefit of defendant, which fact was unknown to plaintiffs until after the recovery of said judgment. *Held* (MILLER and DANFORTH, JJ., dissenting), that plaintiffs were not entitled to the relief sought ; but as C. had the apparent right to satisfy his judgment, and as the $1,300 presumably was paid in good faith, defendant was bound thereby, and for that sum, less the costs in the C. judgment, he was to be charged as so much collected upon his collaterals, and for the balance of his loan he was entitled to pursue his remedy against the plaintiffs.

*It seems*, therefore, that plaintiffs are simply entitled to be allowed as a payment upon defendant's judgment, the balance of the $1,300, after deducting the $640, which was allowed, and the costs recovered in C.'s action ; and their remedy is simply to pay or tender the balance due upon defendant's judgment, and if he refuses to cancel the same, then to apply to the court by motion to compel a cancellation, or to stay execution ; a suit in equity is not the proper remedy.

(Argued January 18, 1884 ; decided April 15, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made at the May term, 1883, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This action was brought to restrain the collection of certain judgments.

The material facts are stated in the opinion.

*L. L. Van Allen* for appellants.  Mr. Duckworth held the bonds as collateral to the loan, and only such amount as was realized on the sale of the collateral would apply toward the liquidation of the loan.  (*Young* v. *Stahelin*, 34 N. Y. 258 ; *Duden* v. *Waitzfelder*, 16 Hun, 337.)  The possession of a pledge does not suspend the right to proceed by action for the recovery of the debt in respect of which the pledge is taken. (*Lawton* v. *Newland*, 2 Stark. 72 ; *South Sea Co.* v. *Duncombe*, 2 Strange, 919 ; *Scott* v. *Parker*, 12 B. [41 E. C. L.] 809 ; *Mason* v. *Bogg*, N. Y. & Cr. 443.)  On the sale at public auction, Duckworth had the right to bid in the bonds himself and sue in his own name, and if he recovered judgment and then discharged it of record without receiving any thing, such recovery and discharge would be no bar to the collection of his judgment on the original debt.  (*Bryan* v. *Baldwin*, 52 N. Y. 232.)  The Croker suit was properly brought.  The legal title to the bonds being in him, he was the real party in interest, and it made no difference whether Duckworth was to be benefited or not.  (*Sheridan* v. *Mayor, etc.*, 68 N. Y. 30 ; *Eaton* v. *Alger*, 47 id. 347 ; *Allen* v. *Brown*, 44 id. 228 ; *Devol* v. *Barnes*, 2 N. Y. Week. Dig. 384.)  The decision of a court of competent jurisdiction upon the same point is conclusive when the same point comes up again in controversy between the same parties directly or indirectly.  (*White* v. *Coatsworth*, 6 N. Y. 137–143 ; *Demarest* v. *Darg*, 32 id. 281 ; *Gates* v. *Preston*, 41 id. 114.)

*George W. Van Sicklen* for respondents.  Where a party was ignorant, at the time of the trial, of the fact which renders a verdict at law contrary to equity, chancery will relieve him and will issue an injunction.  (*Lansing* v. *Eddy*, 1 Johns. Ch. 49 ; *Foster* v. *Wood*, 6 id. 87.)  Or where he was prevented from availing himself of the defense by fraud or the act of the opposite party.  (*Foster* v. *Wood*, 6 Johns. Ch. 87 ; *Williams* v. *Lockwood*, Clarke, 172 ; *Stilwell* v. *Carpenter*, 59 N. Y. 414, 423 ; *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 336 ; *Hamel* v. *Grimm*, 10 Abb. 150 ; *Ross* v. *Wood*, 70 N. Y. 8.)  A

" bill of review" may be brought upon discovery of new matter. (Story's Eq., § 412.) A party against whom a judgment has been obtained by fraud is not barred from his right of action to set aside the judgment for the fraud unless it appears that he had, at the time of such judgment, knowledge of the facts constituting the fraud. (*Baker* v. *Spencer*, 47 N. Y. 562 ; *Dobson* v. *Pearce*, 12 id. 157, 165 ; *Cairo & F. R. R.* v. *Titus*, 32 N. J. Eq. 397 ; *Winthrop* v. *Lane*, 3 Desauss. 310, 331 ; *Byers* v. *Surget*, 19 How. [U. S.] 308 ; *Mead* v. *Bunn*, 32 N. Y. 275 ; *Warner* v. *Blakeman*, 43 id. 487 ; *Verplank* v. *Van Buren*, 11 Hun, 328 ; 76 N. Y. 247 ; *U. S.* v. *Throckmorton*, 98 U. S. 65 ; Wells' Res Judicata, § 499 ; *Pearce* v. *Olney*, 20 Conn. 544 ; *Wierick* v. *De Toya*, 7 Ill. 385 ; *Kent* v. *Richards*, 3 Md. Ch. 392 ; *Smith* v. *Lowry*, 1 Johns. Ch. 320 ; *De Louis* v. *Meely*, 2 Iowa, 55 ; *Brooks* v. *O'Hara*, 8 Fed. Rep. 529.) A judgment recovered in another court in an action by an agent is a bar to another suit for the same cause of action brought by the principal. (*Kent* v. *H. R. R. R. Co.*, 22 Barb. 278 ; *Doty* v. *Brown*, 4 N. Y. 71 ; *Goddard* v. *Benson*, 15 Abb. 191.) All demands due on the same contract at the time when the action is commenced and required to be included in it are to be held and considered barred on the recovery of judgment for a part. In other words, they are held to create but one cause of action. (*Jex* v. *Jacob*, 8 N. Y. Week. Dig. 557 ; *Bendernagle* v. *Cocks*, 19 Wend. 207, 289 ; *Davies* v. *Mayor*, 93 N. Y. 250 ; *Secor* v. *Sturges*, 16 id. 548, 554.) The fact that Duckworth joined some of the co-trustees as defendants with John Roach in his second suit against the latter does not help him. (*Robertson* v. *Smith*, 18 Johns. 459, 484 ; *Willings* v. *Consequa*, 1 Peters, 301 ; *Perry* v. *Martin*, 4 Johns. Ch. 569, note ; *Benson* v. *Paine*, 9 Abb. 28.) Even if Duckworth obtained nothing by his first judgment in Croker's name, that judgment was still a bar to his Common Pleas suit and judgment. (*Benson* v. *Paine*, 9 Abb. 28 ; *Robertson* v. *Smith*, 18 Johns. 459 ; *King* v. *Hoare*, 12 M. & W. 494 ; *Streatfield* v. *Halliday*, 3 T. R. 782 ; Ten Year Book, 27 H. 8 ; 6 Pl. 27 ; Note to *Cabul* v. *Vaughan*, 1 Wms. Saund. 291.) On a

motion to set aside a judgment for fraud, the court should not inquire into the merits of the action or be influenced by considering whether opening the judgment would result in gain or loss to the defendant. (*People, ex rel. Taylor,* v. *Mayor,* 11 Abb. 66; *Guckenheimer* v. *Angevine,* 81 N. Y. 394, 397.) The decision of the motion in *Croker* v. *Roach* having been affirmed upon appeal, upon the merits, both by the General Term and the Court of Appeals, and without any leave to this defendant, Duckworth, to renew, is *res judicata* in favor of plaintiffs. (*Riggs* v. *Purssell,* 74 N. Y. 370, 373; *Dwight* v. *St. John,* 25 id. 203; *Spellman* v. *Ferry,* 74 id. 448, 451; *Rogers* v. *Rochester, etc., R. R.,* 21 Hun, 44; *Hennessy* v. *Patterson,* 22 id. 145.) Where words of qualification such as "without prejudice," or other terms indicating a right or privilege to take further legal proceedings on the subject, accompany a decree, it is presumed not to be rendered on the merits. (*Durant* v. *Essex Co.,* 7 Wall. 107; *Walden* v. *Bodley,* 14 Pet. 156; *Hughes* v. *U. S.,* 4 Wall. 237; *Bigelow* v. *Winsor,* 1 Gray, 306; *Foote* v. *Gibbs,* id. 412; *Perine* v. *Dunn,* 4 Johns. Ch. 140, 142; *Lindsay* v. *Lynch,* 2 S. & L. 10; *Woodlam* v. *Hearn,* 7 Ves. 222; *Kelsey* v. *Murphy,* 26 Penn. St. 78.) The denial of a motion is not *res judicata* nor a bar to an action to obtain the same relief. (*Howell* v. *Mills,* 53 N. Y. 322, 334; *Simson* v. *Hart,* 14 Johns. 63; *Dickinson* v. *Gilliland,* 1 Cow. 481, 495; *Van Rensselaer* v. *Sheriff,* id. 501, 513.) If the Court of Common Pleas had absolutely denied Mr. Roach's motion, he would still have had the right to bring this action in equity for relief. (*Metcalf* v. *Williams,* 24 Alb. L. J. 496; *Borden* v. *Fitch,* 15 Johns. 121; *Dobson* v. *Pearce,* 12 N. Y. 156, 165; Kerr on Fraud and Mistake, 293, 294; *O'Mahoney* v. *Belmont,* 62 N. Y. 133, 145.) An action to restrain collection of the judgment is better practice than a motion in the former action for a stay of proceedings. (*Beards* v. *Wheeler,* 76 N. Y. 213, 214; *Miller* v. *Earl,* 24 N. Y. 110, 112; *Watt* v. *Rogers,* 2 Abb. 261; *N. Y. & H. R. R.* v. *Haws,* 56 N. Y. 175; *Frink* v. *Morrison,* 13 Abb. 80, 84; *Dunham* v. *Waterman,* 17 N. Y. 9, 15; *Flower* v. *Lloyd,*

L. R., 6 Ch. Div. 297; *Hill* v. *Hermans*, 59 N. Y. 396, 404; 33 id. 9, 27; 4 Seld. 9; 2 Kern. 156; 6 Johns. Ch. 411; *Hackley* v. *Draper*, 60 N. Y. 88, 92; *Krekeler* v. *Ritter*, 62 id. 372, 375.) Plaintiffs are not estopped by the statements in defendant's pleadings in other actions read in evidence to show the identity of causes of action and questions litigated or admissions. (*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543; *Cook* v. *Barr*, 44 id. 156.) Duckworth could not sell the bonds to himself. (*Middlesex B'k* v. *Minot*, 4 Metc. 325; *Chicago Art. Well Co.* v. *Corey*, 60 Ill. 73; *Danoe* v. *Fanning*, 2 Johns. Ch. 252, 260; *Stokes* v. *Frazer*, 72 Ill. 428.) An estoppel of record to be taken advantage of must be pleaded by the party setting it up. (*Lansing* v. *Montgomery*, 2 Johns. 382; *Wood* v. *Jackson*, 8 Wend. 9; *Cohn* v. *Goldman*, 43 Sup. Ct. 445, 446; 1 Chitty's Plead. 238; *Rex* v. *Lyme Regis*, Dougl. 159; *Casseres* v. *Bell*, 8 Term R. 167; *Rex* v. *Home*, in Dom. Proc. 11 May; 18 Ga.; 3 Cowp. 672, 682; *Davis* v. *Tyler*, 18 Johns. 490; *Brazill* v. *Isham*, 2 Kern. 9; *Denny* v. *Smith*, 18 N. Y. 567; *Krekeler* v. *Ritter*, 62 id. 372, 374.) The defendant, Duckworth, waived the estoppel, if any existed in his favor, by reason of the decision in the Common Pleas suit by going again into the merits of that action on this trial. (*Magrath* v. *Hardy*, 6 Scott, 627, 645; *Vooght* v. *Winch*, 2 B. & A. 662; *Basten* v. *Carew*, 5 D. & R. 558; 3 B. & C. 649; *Hooper* v. *Hooper*, McCle. & Yo. 509; *Speak* v. *Richards*, Hobart, 206; 2 Smith's Lead. Cas. [8th ed.] 851, note.) The admission in evidence of the remitter from the Court of Appeals in the appeal from the order denying defendant Duckworth's motion to set aside the satisfaction in the suit of *Croker* v. *Roach*, was proper. (*Krekeler* v. *Ritter*, 62 N. Y. 372, 374; *Wright* v. *Butler*, 6 Wend. 284; *Lawrence* v. *Hunt*, 10 id. 81; *Embury* v. *Conner*, 3 Comst. 511; *Gardner* v. *Buckbee*, 3 Cow. 120; *Adams* v. *Conover*, 87 N. Y. 422; *Loeb* v. *Hellman*, 83 id. 601; 1 Bliss' Code, 356, 357, notes; *Ratzer* v. *Ratzer*, 2 Abb. N. C. 461; *Lewis* v. *Mahoney*, 1 Hun, 207; *Ritter* v. *Worth*, 58 N. Y. 627; *Hardt* v. *Schulting*, 85 id. 624; *People's B'k* v. *Heerdt*, 24 Hun, 656.)

EARL, J. In April, 1873, the defendant's testator, Isaac, loaned to the Ætna Iron Works, a corporation formed in this State, under the General Manufacturing Act of 1848, the sum of $6,000. In October thereafter, Birdsall Cornell, who was one of the trustees of the corporation, for the purpose of inducing the defendant to forbear the payment of his claim for the $6,000, delivered to him six bonds of the corporation of the par value of $6,000, dated in March, 1873, and due in March, 1874, to be held by him as collateral security for his claim. The bonds so pledged were valid bonds of the corporation, for which Cornell had paid to it full value.

The defendant's claim against the corporation not having been paid, he sold the bonds which he held as collateral security at public auction in May, 1876, to John C. Croker, for the sum of $640. In June thereafter Croker commenced an action in the Supreme Court against the plaintiff Roach, as one of the trustees of the corporation, to enforce his liability to him on account of the bonds thus purchased, under section 12 of chapter 40 of the Laws of 1848, for not making the report specified in that section for the years 1874, 1875 and 1876. Afterward in February, 1877, Duckworth commenced an action in the New York Common Pleas against Roach and the other trustees of the corporation, who are the plaintiffs in this action, to enforce their liability to him under the section referred to, on account of the debt due him for the money loaned to the corporation, as above stated, for not making the report specified in that section for the years 1874, 1875, 1876 and 1877. Both actions were defended, and the first resulted in a judgment for Croker in February, 1877, for the full amount of the bonds and costs, and the last resulted in a judgment for Duckworth in June, 1878, for the balance due him on account of his loan after deducting some interest which had been paid, and the $640, received upon the sale of the bonds to Croker, as above stated. Appeals were brought from both judgments, and afterward in January, 1879, Roach settled and procured the satisfaction of the first judgment by the payment to Croker of the sum of $1,300. The second

judgment was affirmed in the General Term, and then upon
further appeal, in this court, in April, 1880.   Thereafter in
the same month of April the plaintiffs commenced this action
to restrain forever the collection of the three judgments, to-
wit : the original judgment recovered against them by Duck-
worth, and the two judgments recovered by him for  costs
upon the appeals ; and they based their right to relief upon
the grounds that the sale of the bonds to Croker was a sham,
that he purchased them for Duckworth, and commenced and
prosecuted the action for Duckworth, and solely for his bene-
fit ; that Duckworth had but one debt of $6,000 against the
corporation which he could enforce against the trustees, who
were liable to him for but one penalty ; that the first action
and the recovery therein, if they had known the facts, could
have been pleaded as a bar to any recovery in the second
action ; but that they were ignorant of the facts, and did not
discover them until March, 1879, and that Duckworth by the
sham sale, and the prosecution of the action in Croker's name
for the purpose of recovering two judgments for the same
liability, one in the name of Croker and another in his own
name, had perpetrated a fraud upon them which entitled
them to the relief claimed.   The trial court found the facts to
be substantially as claimed by the plaintiffs, and granted them
judgment, giving them the relief prayed for.   That judgment
has been affirmed, and has been brought here for review.

In 1876, Duckworth held against the corporation two claims,
one for the money loaned and one on the bonds pledged to
him by Cornell.   Holding the bonds as collateral to his claim
for money loaned, he could have sued the corporation and
have recovered judgment against it upon the bonds, and
whether that judgment was paid or not, he could subsequently
have sued upon his claim for the money loaned.   As between
him and the corporation there would have been no defense to
either action.   So he could have commenced both actions at the
same time.   The corporation could not have complained of, or
in any way objected to the two actions, or two recoveries, be-
cause it owed and was liable to pay both debts.   After receiv-

ing satisfaction of his claim, however, Duckworth would have been liable to account to Cornell for any balance received by him of the corporation, as such balance would have belonged to Cornell on account of his bonds.

The bonds were delivered to Duckworth before there was any default on the part of the trustees to make the report required by law, and hence if at that time he had purchased the bonds he would have held them as well as his claim for the money loaned against the corporation, and the liability of the trustees to him on account of their subsequent failure to make the report would have been co-extensive with that of the corporation. They would then have been liable to him for two penalties, one for the amount of the bonds and the other for the amount due for the money loaned, and he could have sued any one, or all of them, under section 12 of the act referred to, to recover the one penalty, and any or all of them to recover the other. I know of no rule of law requiring that all the liabilities in such a case should be enforced in a single action. As many actions could be brought against the trustees as could be brought against the corporation. Section 12 makes all the trustees jointly and severally liable for all the debts of the company in case of failure to make the report required, and a creditor may sue all the trustees successively until he shall obtain satisfaction, or he may at the same time commence a suit against each trustee, and no trustee could properly set up the pendency of a suit, or the recovery of a judgment, against any other trustee as a bar to a recovery against him. A judgment can be enforced only against the trustee sued, although under the section, as amended by chapter 510 of the Laws of 1875, all the other trustees are bound ratably to contribute to the amount recovered against and paid by the trustee sued.

Such would have been the position, and such the rights of Duckworth if he had purchased the bonds of Cornell at the time he took them in pledge. But as pledgee his rights were not precisely the same. The pledgor, Cornell, was also one of the trustees, and liable with the others for not making the reports. Hence he could not have sued any of his co-trustees

for failure to make the reports, and Duckworth could enforce the bonds against the trustees only so far as was necessary to his indemnity. If he went further that would be for the benefit of Cornell, and could not be allowed. He had the same right to sue the trustees as he would have had if he had owned the bonds, and they could make no defense which the company could not make, except by paying the amount due Duckworth for his loan to the company. Whenever he obtained satisfaction of his debt for that loan he could go no further, because if he received more. it would be for the benefit of Cornell. He could in his own name have sued upon the bonds and recovered judgment, and if that were paid it would as to him have ended the liability of the trustees, because his debt would have been satisfied. But if he failed to collect or obtain payment of that judgment he could then have sued any or all of the trustees to enforce their liability for his debt, and the recovery in the former action would have been no bar to a recovery in the latter. If he thus obtained two judgments, he could only recover upon either or both the amount due him for his loan, and the costs. He could have commenced both actions at the same time, and the only way to prevent his recovery in both would have been for one or more of the trustees to tender him the amount due for his loan and the costs. So his rights as pledgee of the bonds were precisely the same as they would have been as owner, except that as pledgee he could enforce payment only of the amount due him for his loan.

It does not, therefore, appear that any damage or wrong, whatever, was done to the plaintiffs, or any of them, by commencing one of the actions in the name of Croker, as they were not deprived of any defenses which they could have interposed if both actions had been commenced in the name of Duckworth as plaintiff. Assuming that Croker represents Duckworth, and stands for him as plaintiff in the one action, all the trustees were required to do was to pay, or tender upon one or both of the judgments, the amount due Duckworth for his loan, and the costs, and then, by motion to the court, they

could have required him to satisfy both judgments, or have obtained perpetual stay of executions to enforce them.

Roach, as above stated, paid $1,300 in satisfaction of the first judgment. He paid that to Croker who had no right as between him and Duckworth to take it or to satisfy the judgment. Croker acted fraudulently toward Duckworth, and kept the money. Duckworth received no benefit, whatever, from the payment, and now the plaintiffs claim that they must have the same benefit as they would have had if that judgment had been paid in full. It is impossible for us to comprehend upon what principle such a claim can be founded. The $1,300 was paid, as we must assume, in good faith to Croker, without knowledge of Duckworth's rights, and hence he must be bound by it. But how can he be bound for more? He received that sum upon his collaterals. It was not paid in satisfaction of his debt against the corporation, but in satisfaction of the judgment upon the collaterals. Suppose he had gone to Roach with his collaterals, and Roach had paid him that sum for the collaterals, or in satisfaction of them; or suppose he had gone to Roach with his judgment upon the collaterals and Roach had paid him for that, or in satisfaction of it the $1,300, it would have satisfied only so much of the amount due him for his loan. It certainly would not have satisfied the loan.

The case then stands thus. Duckworth has received $1,300, less the costs in the Croker judgment, which he was bound to allow as a payment upon the amount due him for his loan. The sum of $640, bid by Croker at the sale of the collaterals, has been allowed, and the balance of the $1,300, after deducting that sum and the costs, should be allowed as a payment upon the Duckworth judgment. The balance due thereon, after allowing such payment, is justly due Duckworth, and there is no reason in law or equity why he should not be permitted to collect the same.

My reasoning so far has been upon the theory that the sale of the bonds to Croker was a mere sham, and did not bind Cornell or cut off his right in the bonds as pledgor. It is un-

doubtedly the rule that the pledgee cannot, at a sale by him of the property pledged, himself legally become the purchaser. (*Bryan* v. *Baldwin*, 52 N. Y. 232.) But the sale in such case is not absolutely void, but voidable only at the election of the pledgor. He may ratify the sale, and if he elects to do so then the sale becomes perfectly valid and effectual. If, in this case, Cornell without fraudulent collusion with Duckworth assented to this sale, or with knowledge that Duckworth was really the purchaser in the name of Croker ratified the sale, then it was effectual and valid as against him, and Duckworth became the absolute owner of the bonds with a title as good against the whole world as he would have if he had purchased them at the time he took them in pledge. It does not appear in the record whether Cornell did or did not ratify the sale, and hence the case may here be disposed of upon the assumption that the sale was not binding upon him.

It is difficult to perceive how Duckworth can possibly be charged with any fraud upon the plaintiffs. He certainly as yet has done them no harm, and deprived them of no rights. They have not yet been subjected to any liability, or to the payment of any money which was not justly due from them. He may have been mistaken as to the effect of his sale of the bonds to Croker. He may have supposed that in that way he could obtain valid title to the bonds, and thus enforce payment of them as his own. But he had the right to foreclose his lien upon the bonds, and thus acquire full title to them if he could, for any sum he would have to pay, and then enforce them for his own benefit for the amount due upon them; and all this he could do, Cornell not complaining, without being guilty of any fraud. There is no finding or proof that he was colluding with Cornell to enforce the bonds for his benefit.

The result of this discussion is that Duckworth has a judgment for a few hundred dollars more than is due him and more than he has any right to collect. The remedy of the plaintiffs is to tender or pay the sum due, and then if Duckworth refuses to cancel the judgment, they can apply to the court by motion to compel cancellation or to stay execution. A suit

in equity is not needed, and is not the proper remedy. (*Lansing* v. *Eddy*, 1 Johns. Ch. 49.) As to the two judgments for costs upon the appeals, there can be no relief against them.

The judgment of the General and Special Terms should be reversed, and as there is no aspect, upon the facts alleged and found, in which this action can be maintained, the complaint should be dismissed, with costs.

The judgment should be affirmed.

All concur with EARL, J., except MILLER and DANFORTH, JJ., dissenting, and ANDREWS, J., not voting.

Judgment affirmed.