STATE BANK OF ROCK VALLEY *v.* ANDREWS.

(*City Court of New York, General Term.    March 10, 1892.*)

1. CORPORATION—PERSONAL LIABILITY OF DIRECTOR.
    Laws of New York providing, with respect to manufacturing corporations, that "every director shall be personally liable for all debts incurred by the corporation, to an amount not exceeding $5,000," impose on the director an original contract liability, without regard to efforts to collect from the company.

2. SAME—JOINT AND SEVERAL LIABILITY.
    In such case the liability is several as well as joint, and a single director or the entire board may be sued.

3. SAME—EQUITABLE AND LEGAL RELIEF.
    The creditor is not obliged, in such case, to go into equity to enforce his remedy, but may proceed at common law against the director.

Appeal from special term.

Action by the State Bank of Rock Valley against Wallace C. Andrews. From a judgment for plaintiff, defendant appeals.    Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

*James W. Hawes,* for appellant.    *M. P. Stafford,* for respondent.

EHRLICH, C. J.    The facts alleged are admitted by the demurrer, and, under the liability there charged, "every director shall be personally liable for all debts incurred by the corporation, etc., to an amount not exceeding $5,000."    Under this provision, the director becomes an original debtor, under a contract liability.    *Coring* v. *McCullough,* 1 N. Y. 47, 61; *Harger* v. *Same,* 2 Denio, 119; *Moss* v. *Same,* 7 Barb. 279, 295; *Wiles* v. *Suydam,* 64 N. Y. 173; *Bank* v. *Bliss,* 35 N. Y. 414.    Effort to collect from the company is not a condition precedent.    *Miller* v. *White,* 50 N. Y. 141; *Rorke* v. *Thomas,* 56 N. Y. 565; *Esmond* v. *Bullard,* 16 Hun, 65; *McHarg* v. *Eastman,* 7 Rob. (N. Y.) 137.    The liability is joint and several, and a single director or the entire board may be sued, (*Bank* v. *Ibbotson,* 24 Wend. 472; *Weeks* v. *Love,* 50 N. Y. 570; *Bartlett* v. *Drew,* 57 N. Y. 587; *Roach* v. *Duckworth,* 95 N. Y. 399;) and the remedy may be invoked by a single creditor, (*Wiles* v. *Suydam,* 10 Hun, 578; *Weeks* v. *Love,* 50 N. Y. 568; *Bartlett* v. *Drew,* 57 N. Y. 587; *Roach* v. *Duckworth, supra.*)    These principles, applied to similar acts, are

alike applicable here. The creditor was not obliged to go into equity. The common-law remedy is sufficient for his purpose. The defendant might, perhaps, invoke equitable relief if he needed it, or might plead in defense that he had discharged other liabilities up to the statutory limit of $5,000. Upon the pleadings, the judgment was properly directed in favor of the plaintiff, and must be affirmed, with costs. All concur.