FIRST NAT. BANK OF KANSAS CITY, MO., v. HALL.

(Supreme Court, Appellate Division, Third Department.    November 30, 1897.)

1. PLEDGE—ILLEGAL SALE OF COLLATERAL.
    If the holder of a note, with other notes as collateral, sells the latter at auction, and becomes himself, or by his agent, the purchaser thereof, without the consent of the maker of the principal note, the sale is a nullity, and the rights of the parties are the same as before the sale.

2. ACTION ON NOTE—TRIAL—LIMIT OF RECOVERY.
    In an action on a note it appeared that the plaintiff had sold a portion of the collateral at auction, becoming himself the purchaser, and, crediting the maker with the proceeds thereof as a payment on the note, had brought suit for the residue.    The sale was declared a nullity at defendant's request. *Held*, that plaintiff could recover the full amount of the note, and not merely the amount of the residue set forth in the complaint.

3. SAME—INTEREST COLLECTED ON COLLATERAL.
    In an action on a note given in place of a former note for a larger amount, if the payee, previous to such substitution, has collected interest from the collateral securing the former note, it will be presumed that the maker was duly credited therefor in the adjustment, resulting in the issue of the new note.

Appeal from judgment on report of referee.

Action by the First National Bank of Kansas City, Mo., against John Hall upon a promissory note.    From a judgment for plaintiff, defendant appeals.    Modified.

It is unnecessary for the disposition of this case to state the transactions prior to the making of the note in question.    Suffice it to say that the referee has found that there was a good and sufficient consideration for the giving of the note, and in that finding I concur.    On the 6th day of September, 1893, the defendant made his promissory note, payable six months after date, to the order of the First National Bank of Kansas City, Mo., for $8,000, at 6 per cent. interest.    The note, in its body, recites various securities as being attached thereto as collateral security for the payment thereof; among others, two notes, one for $6,000, and

the other for $3,000, executed by Fannie K. and George W. Crane, dated February 27, 1892, secured by mortgage. On or about the 28th day of April, 1895, these Crane notes were put up for sale by, and bid in for and on behalf of, the plaintiff, for the sum of $3,500. After deducting the sum of $11.88, expenses for advertising, the plaintiff was credited with the sum of $3,488.12 on the $8,000 note. On May 20, 1895, the plaintiff commenced this action against the defendant upon the note in question, the complaint being verified May 18th. The complaint sets forth the making of the note and the nonpayment thereof, except the sum of $3,488.12, "being the net proceeds of sale of notes delivered to plaintiff, collateral to said note, paid April 24, 1895," and demands judgment for the sum of $5,282.54, with interest from the 24th day of April, 1895. The defendant, in his answer, among other defenses, alleges that the plaintiff converted and disposed of securities held by the plaintiff as collateral security for the payment of such note, to an amount more than sufficient to pay the same, and asks judgment for the value thereof, to be adjudged a counterclaim in favor of the defendant. The referee found that the sale of the Crane notes was not ratified or affirmed by the defendant, and that such sale was a nullity, and that such collateral securities were still held by the defendant as collateral security for the payment of the note and interest, and that, therefore, the defendant should not be credited with the $3,488.12, as stated in the complaint, and found that the amount due and owing the plaintiff at the date of the report, for principal and interest, was $9,589.33; and judgment was entered thereon in favor of the plaintiff, against the defendant, for that amount and costs. Nothing is said in the judgment as to the attempted sale of the Crane notes, or as to the present ownership thereof.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

L. H. Northup (D. M. Westfall, of counsel), for appellant.
C. S. & C. C. Lester (C. S. Lester, of counsel), for respondent.

HERRICK, J. The plaintiff held the so-called Crane notes and other securities as pledgee, and it is well settled by authority in this state that it could not become the purchaser thereof, unless the defendant assented to the purchase. The defendant not assenting to it, the sale became a nullity, and the parties' rights therein are the same as though no sale had been attempted. Bryan v. Baldwin, 52 N. Y. 237; Duncomb v. Railroad Co., 84 N. Y. 190–204; Roach v. Duckworth, 95 N. Y. 391. This is not like the case of Griggs v. Day, 136 N. Y. 152, 32 N. E. 612. There the pledgee parted with the securities to a third person, and at the time of the trial of the action he was not in possession thereof; and it was held that his act was a conversion of the securities, and that such conversion affected a discharge of the debt to an amount equal to the actual value of such security, and, such security being the promissory note of a third person, that the amount unpaid upon such note at the time of the conversion of such note was prima facie the actual value. In this case the plaintiff retained possession of the securities, and had them in his possession at the time of the trial. Treating the attempted sale as a nullity left the possession in it with the same legal effect as when it originally received them. The attempted sale and its effect having been litigated in this action, I think justice to the defendant requires that the result should be set forth in the judgment. While the plaintiff's complaint sets forth a payment upon the said note, and demand of judgment less than the amount of the face of the note, still, that payment being alleged in the complaint as the proceeds of an alleged sale of collateral securities,

and the defendant, by his answer, having repudiated such sale, and the trial court having found for the defendant upon that issue, I do not think that justice requires that the plaintiff should, nevertheless, be confined in his recovery to the original demand of the complaint, and that the appellant's contention in that respect should not be sustained The appellant claims that the sum of $910, collected by the plaintiff, being interest upon the collateral attached to the note, should have been credited upon the note in suit. The interest so collected was collected prior to the giving of the note sued upon, and was apparently credited upon the note given prior to this one. The former note had been reduced to $8,000, and the giving of the note in litigation is presumptively an adjustment of the accounts between the parties at the sum for which the note was given. The contention of the appellant in that respect cannot therefore be sustained.

The judgment appealed from should therefore be corrected and modified by adjudging that the sale of the so-called Crane notes, and the purchase thereof by the plaintiff, were and are null and void, and the same are now held by the plaintiff as pledgee, and not as owner thereof, and, so modified, should be affirmed, with costs. All concur.