## THE CITY OF CHICAGO *et al.*

*v.*

## JOSEPH G. HALL *et al.*

*Filed at Ottawa June 21, 1882.*

1. APPEAL—*what matters involved—where there are several suits relating to the same subject matter.* Several chancery suits were consolidated and heard together, and certain of the defendants who had brought suits at law to enforce the individual liability of stockholders, and whose suits had been enjoined in the chancery suits, filed a petition claiming priority, by reason of the institution of their suits at law, of the funds collected from such stockholders. On overruling a demurrer to the petition, the claim of priority was allowed, and from that order the other parties appealed: *Held,* that the appeal only brought before the court of review the proceedings had upon the petition filed in the consolidated cases.

2. LIEN—*priority of right—when not acquired merely by the institution of suit.* The mere institution of a suit at law by one of several creditors of an insolvent bank to enforce the personal liability of a stockholder for the payment of his claim, does not give him a prior right or lien on the fund when collected, to the exclusion of all other creditors of the bank, and the fact that such creditor was prevented from obtaining final judgment in his suit at law by injunction on bill filed by other creditors, after the bringing of the suit at law, can make no difference. Such fund, when collected of the stockholder, under decree in the suits in chancery, is for the benefit of all the creditors who are parties to the suits in equity. In this State it is the final judgment or decree of the court which creates a lien.

3. DECREE—*conclusive on parties.* Where a suit at law by a creditor of an insolvent bank against a stockholder to enforce his personal liability to creditors, under the bank charter, is enjoined in equity by other creditors of the bank, seeking by bill to have the liability of the stockholders enforced as a fund for the payment of creditors, and the stockholders discharge their liability, as found by the decree of the court under the bill, by payment of the sum found against them, and such decree has been affirmed by this court, the decree must stand forever as conclusive of the rights of all persons affected by it, and the fund must be administered by the court on the principles of equity and equal justice, and no priority can be given to the creditor whose suit at law was stayed.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. Mason Brothers, for the appellants:

A court of equity which takes jurisdiction for one purpose takes it for all,—it does not do justice by halves. *Taylor* v. *Marine and Fire Ins. Co.* 9 How. 390.

It will, upon undertaking the administration of the assets, enjoin law proceedings, and settle the whole estate, in a case like that at bar, upon the maxim that equality is equity. 2 Joyce on Injunctions, 1048, 1056; Kerr on Injunctions, secs. 103, 107, 108; *Rankin, Receiver,* v. *Elliott,* 14 How. 345.

At law, those who sue first must recover the whole of their debt, which would be palpably unjust. This, of all cases which can arise, seems to call most loudly for chancery jurisdiction. *Harris* v. *First Parish,* 23 Pick. 113; Thompson on Liability of Stockholders, sec. 275; *Crease* v. *Babcock,* 10 Metc. 525; *Coleman* v. *White,* 14 Wis. 700.

When proceedings are instituted by part of the creditors of an insolvent corporation against the stockholders, to enforce their individual liabilities for the benefit of all the creditors, no creditor can acquire priority, or commence a separate suit to enforce such liability in his own behalf. *Wright* v. *McCormack,* 17 Ohio St. 86.

The principle that equality is equity should apply in such a case. *Briggs* v. *Penmann,* 8 Cow. 392; *Bank* v. *Ibbotson,* 24 Wend. 473; *Smith* v. *Huckabee,* 53 Ala. 191; *Weeks* v. *Love,* 50 N. Y. 571; *In re Empire City Bank,* 18 id. 199.

The Supreme Court of the United States holds that under a similar charter all creditors of the corporation are entitled to share alike in the proceeds of the litigation. *Carroll* v. *Green,* 2 Otto, 509; *Horner* v. *Henning,* 3 id. 228.

Messrs. Shufeldt & Westover, for the appellees:

The decree in the injunction suits merely ordered the money to be paid into court, leaving the question of its distribution an open one. It contained no direction as to whom this money should be paid.

The nature of the liability of the stockholders, in the absence of a directory statute, controls the remedy and fixes the rights of the litigants. This court has settled the law that the remedy is at law. *McCarthy* v. *Lavasche*, 89 Ill. 270; *Fuller* v. *Ledden*, 87 id. 310; *Hull* v. *Burtis*, 90 id. 213; *Wincock* v. *Turpin*, 96 id. 135.

The appellees having brought actions at law against Munger and Hatch to recover upon an obligation which the law would thus enforce, acquired rights thereby which a third party could not defeat by a subsequent action.

If another creditor can take away the plaintiff's right of recovery, and appropriate the plaintiff's victory largely to himself, why can not the stockholder, the defendant, voluntarily pay another creditor, and thus defeat a suit pending against him?

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Much confusion exists in the record on account of the introduction of matter wholly irrelevant to the present appeal. The abstract was found to be of little use in ascertaining what the present litigation concerns. Resort has been had to the transcript, and it is seen the appeal brings before this court nothing but the proceedings had on the petition of Joseph G. Hall and others, filed in the consolidated causes of *Cunningham et al.* v. *The Bank of Chicago*, and *Jacobson et al.* v. *Piper et al.*, originally commenced in the Superior Court, on the chancery side of the court. *Thrifts* v. *Fritz*, 101 Ill. 457; *Smith* v. *Brittenham*, 94 id. 624; *Smith* v. *Brittenham*, 88 id. 291.

The petition on which the order appealed from was made, states with sufficient clearness that long before the suit in chancery was begun, petitioners commenced separate actions at law against Munger and Hatch, to recover upon their individual liability as stockholders therein the several amounts due each of them from the Bank of Chicago; that by the

decree of April 2, 1879, petitioners were enjoined from further prosecuting their suits, final judgments therein being prevented by the proceedings in chancery; that Munger and Hatch had paid into court, under the decree in the consolidated causes in chancery, the amounts of their liability, as fixed by such decree, the aggregate amount being a sum in excess of $40,000; that the sums so paid by such stockholders were not sufficient to discharge the claims of petitioners represented in their suits at law; that by the commencement and prosecution of such suits at law to recover from Munger and Hatch the amount of their liability, petitioners acquired a prior right to the fund in court to any other creditors not suing, in the order in which they had begun their several suits. Petitioners further stated the order in which their respective suits were begun, the amounts of their individual claims, and prayed that the same be paid and satisfied from the money paid into court by Munger and Hatch, so far as it would satisfy them. And petitioners further stated, should such fund be distributed to the creditors of the bank generally, without regard to priorities, or suits having been commenced, then, of the $40,000 so paid into court by Munger and Hatch, $6000 would belong to the complainants in the consolidated chancery causes, and who are the same parties prosecuting this appeal, and $34,000 would belong to petitioners, there being no other creditors of the bank.

This brief statement contains the substance of all the facts alleged in the petition,—certainly all that are material to an understanding of the case; and to the petition stating these facts, with others more at length, the receiver of the bank and other complainants in the original bill interposed a demurrer, which was by the court overruled, and the demurrants electing to stand by their demurrer, the court decreed substantially according to the prayer of the petition, and directed that all the money paid into court under its former decree by Munger and Hatch, being a sum in excess of

$40,000, should be paid to Shufeldt & Westover, solicitors for petitioners, less the sum of $4000 decreed to be paid to E. G. & A. B. Mason, solicitors for Jacobson, for such receiver's costs, charges and counsel fees. On the appeal of the complainants in the consolidated causes, this decree of the Superior Court was affirmed in the Appellate Court for the First District, and the same parties bring the case to this court on appeal.

A stipulation purporting to be signed by the respective counsel conducting this case, is copied into the transcript filed in the cause. It is entitled in the consolidated causes of *Cunningham et al.* v. *The Bank of Chicago,* and *Jacobson, Receiver,* v. *Piper et al.,* and is as follows: "It is stipulated and agreed that after the entry of the decree of February 2, 1878, herein, an appeal was taken by Isáac P. Coates, assignee, to the Supreme Court, which appeal was disposed of by said court by an affirmance of said decree, February 22, 1879; that after the entry of the decree of April 21, 1879, two appeals were prosecuted from it,—one by the stockholders Munger and Hatch, and one by all the creditors of the bank who had sued Munger and Hatch at law, viz., Piper and others; that in both appeals the decrees were affirmed by the Appellate Court; that appeals were prosecuted by both sets of appellants to the Supreme Court; that the appeal of Piper and others was dismissed in said court, and the appeal of Munger and Hatch was decided by an affirmance of the decree below as' to said appellants, Munger and Hatch, and the consolidated cause was properly brought before the Superior Court again in June, A. D. 1881, by filing the proper *procedendo* and order of affirmance." The clerk, in making up the transcript of the record filed in this case, states this "stipulation is among the files in this cause," but it is not made a part of the record in any manner known to the practice in such cases, and whether it was used on the hearing of this cause in the Superior Court does not appear.

It is apparent the only question that can arise on the present appeal is, whether petitioners are entitled to the relief decreed to them. That question arises on the demurrer to their petition, and is not otherwise presented. Unless the petition itself states a case that would entitle the parties asking it, no relief ought to have been granted to them. Recurring again to the allegations of the petition as previously stated, it will be seen petitioners base the right to have their claims against the insolvent bank first paid out of the fund under the control of the court to the exclusion of other creditors, upon the fact that "by reason of having first brought actions at law against said Munger and Hatch to recover the said liability of the said Munger and Hatch in satisfaction of the claims of your petitioners against said corporation, they acquired a right of priority in said liability, and in and to the funds paid into this court by said Munger and Hatch, to discharge their said liability." The court, by its decree, found, as a matter of fact, the allegations of the petition were true, as stated; that petitioners were creditors, in the several sums stated, of the Bank of Chicago; that long before the chancery suits in which their petition was filed were commenced, petitioners had commenced separate actions at law against Munger and Hatch on their respective claims, on their liability as stockholders in such bank, and that the sum paid into court by Munger and Hatch in discharge of their liability as such stockholders, was insufficient to pay in full all the creditors of the bank, and as a matter of law the court found that petitioners, "by reason of their having commenced their said suits at law prior to the said chancery proceedings, and diligently prosecuted the same until stayed by order of this court, acquired and obtained and now have first lien upon the said fund now in court, which should be enforced in their favor," and thereupon the court decreed accordingly.

The findings of facts by the court are of course correct, as they appear by admission on demurrer, but the error in the

decree consists in finding, as a matter of law, that petitioners had a prior lien on the funds under the control of the court by reason of being first to commence actions at law against certain stockholders on their liability as such, to enforce payment of their claims against the failing bank. Such is not the law. Whether the liability of the stockholders under the charter of the Bank of Chicago could be enforced at law or only in chancery, is a question that does not and can not arise in this case as it now comes before this court, and no discussion of that branch of the case will be entered upon. The ground of liability, as set forth in the petition, is, that petitioners, by reason of having first commenced suits at law against stockholders on their liability, under the charter of the debtor bank, before other creditors instituted any suits at law or in chancery, acquired a prior lien on that liability, and to the funds paid into court under its decree to discharge such liability, which they have a right to have enforced in their favor to the exclusion of other creditors. It is not alleged, nor is it true, that petitioners ever recovered any judgments at law against such stockholders. It is stated, however, they were prevented from so doing by the restraining order of the court. On what principle the claim insisted upon rests, is not understood. Under the laws of this State the mere institution of a suit does not create a lien on anything. It is the final judgment or decree that creates a lien. It is a matter of no consequence, so far as the lien is concerned, what prevented petitioners from obtaining judgments at law for the indebtedness of the bank to them against its stockholders. It is an admitted fact, petitioners obtained no judgments at law against any stockholder of the bank, and without judgments no liens exist that could be enforced in their favor. It is for the reason there is no statute or other law that gives a lien in such cases. It would be to state a new doctrine to hold the mere institution of a suit at law by one creditor gave him a prior right or lien on the fund out of

which a class of creditors are to be paid, that would exclude
all others from a participation therein until he should first
be fully paid out of such fund.   Such a rule would rest upon
no principle of justice.   It would have nothing reasonable in
its support, and would be palpably unjust.

The fund mentioned in the petition is now in a court of
equity, under its decree, which, if the stipulation found in
this record is to be regarded, has been affirmed by a court of
last resort, and must therefore stand forever as conclusive of
the rights of all persons affected by it, and such fund must
be further administered by the court on principles of equity
and equal justice.   Nothing is shown by the petition herein
that would give the petitioning creditors any prior claim
upon the fund in court over other creditors of the bank enti-
tled to participate in it.

The judgment of the Appellate Court will be reversed, and
the cause remanded for further proceedings not inconsistent
with this opinion.

*Judgment reversed.*

Mr. JUSTICE WALKER:   I dissent to the conclusion reached
by the court in this case.