AUGUST THEBUS

*v.*

MARY SMILEY.

*Filed at Mt. Vernon June 13, 1884.*

1. STOCKHOLDER'S *individual liability—set-off of debt to him from corporation.* In an action by a creditor of a corporation against a stockholder to enforce his individual liability to creditors for an amount equal to his stock in the corporation, the stockholder will not be allowed to set off against his liability an indebtedness of the corporation to him.

2. SAME—*preference to creditors who are most diligent.* The creditor of the corporation first suing a stockholder in respect to his individual liability acquires by his suit a preference over other creditors, which neither they nor the stockholder can defeat, unless possibly by bringing a bill for a general closing up of the affairs of the corporation. Such action is in the nature of an equitable attachment of the stockholder's liability to the extent of the plaintiff creditor's claim. The stockholder, after notice of such a suit against him, can not defeat the action by paying other creditors to the extent of his liability.

3. SAME—*limit, when reached, discharge of stock from further liability —rights and liability of purchaser.* Where a judgment is recovered against a stockholder by a creditor of the corporation, under a statute making the former liable personally to creditors for an amount equal to the stock held by him, which he pays, his stock thereafter will be free from liability, and

he may sell and transfer the same, and his assignee will take such stock without any liability on his part in consequence of his ownership of the same.

4.  There can be but one amount for which there is liability on account of the same share of stock, where that liability equals or exceeds the amount of such share, and for that amount both the assignor and assignee may be liable,—the former in case the debt was incurred by the corporation within three months after the date of the assignment of the stock, where that is the limit of time during which the liability of the assignor shall continue, and the assignee in case it was incurred after he became the holder of the stock; but there can be but one satisfaction.  If the assignor is compelled to pay on account of debts of the corporation made within three months after his transfer of stock, he may have his action against the person owning such stock when the debt was created, and recover the sum so paid by him.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. HAY & KNISPEL, for the appellant:

The payment of the judgment in favor of Mrs. Thomas is a discharge of appellant's liability as a stockholder *pro tanto*.

It is not a defence for a stockholder, when he is sued, to show that other creditors had moved against him before the plaintiff, thus laying a foundation for his liability to them, since the claims of such creditors may never be prosecuted to final judgment.  Nor is it enough to show that suits have been instituted and are, pending on such prior claims, for those suits may not be sustained, or may be abandoned. The liability must be legally established and fixed to an amount which exhausts it, and this must be *bona fide*, and not colorable or fraudulent.  Thompson on Liability of Stockholders, secs. 425, 426, 399; *Ingalls* v. *Cole*, 47 Maine, 530; *State Savings Association* v. *Kellogg*, 63 Mo. 540.

The recovery of a judgment by a creditor against the stockholder for an amount equal to the amount of stock held by him, will extinguish his liability, and a voluntary payment will equally extinguish it.   *Buchanan* v. *Meisser*, 105 Ill. 638; Thompson on Liability of Stockholders, 380.

Joseph and Herman were liable, as stockholders, upon the ten shares bought by Thebus from them, at the time Mrs. Smiley deposited her money in the bank, and also when the bank failed, and therefore Thebus could not be liable upon the same shares; and judgments having been previously recovered against said Joseph and Herman, and paid by them, this discharges the liability of Thebus upon the same shares. Thompson on Liability of Stockholders, 4, 217, 222.

Appellant should be permitted to discharge his liability on the ten after-acquired shares, by the surrender and cancellation of his two certificates of deposit, for money actually deposited by him in the bank prior to the purchase of said shares, to an amount equal to said deposits.

Mr. MARSHALL W. WEIR, for the appellee:

In an action at law by a creditor of the corporation against a stockholder, under section 9 of the bank's charter, the stockholder can not plead as a set-off an indebtedness of the bank to himself. *Buchanan* v. *Meisser,* 105 Ill. 638; *Meisser* v. *Thompson,* 9 Bradw. 368; *Gauch* v. *Harrison,* 12 id. 457.

Where separate actions are tolerated, the creditor of the corporation first suing a stockholder, in respect of his individual liability, acquires by the bringing of suit a preference over other creditors which neither they nor the stockholders can defeat, unless, possibly, by bringing a general winding-up bill. Such a suit may be said to be an equitable attachment of the stockholder's liability to the extent of the plaintiff creditor's claim. It follows that the stockholder can not, after notice of such a suit, defeat the suing creditor by paying the claims of other creditors as far as to exhaust his liability. If such a power existed, the stockholder could use it as a weapon to defeat creditors altogether. Thompson on Liability of Stockholders, sec. 424.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This action is by a depositor, and against a stockholder of the People's Bank of Belleville, under the 9th section of the charter of the bank, which makes the stockholders individually responsible when default is made in the payment of any debt or liability contracted by the corporation, for an amount equal to the amount of stock held by them, respectively.

Three questions arising upon the record are discussed in the printed arguments before us: First, may an indebtedness of the bank to the stockholder be set off against his liability under this section *pro tanto?* second, when judgment is recovered against a stockholder, under this section, for an amount equal to the amount of stock held by him, which he pays, and he thereafter sells and transfers his stock, does the assignee of the stock take it free of any future liability for debts of the corporation?—or, stated differently, in case of successive sales and transfer of the same stock, is each subsequent holder liable for all the debts contracted by the corporation during the time he is stockholder, and for three months afterwards, notwithstanding judgment is obtained against the first holder for the full amount thereof, and is paid by him? and third, is the creditor first suing, who is guilty of no *laches* in prosecuting his suit, entitled to priority over a creditor suing subsequently, but who obtains judgment first?

The first question must be answered in the negative, on the authority of *Thompson* v. *Meisser*, 108 Ill. 359. The third question must be answered in the affirmative, otherwise it would be within the power of the stockholder, on being sued, to enforce his own terms with the creditor, or to entirely defeat his recovery by hunting up some other creditor with whom he could make satisfactory terms, and confess judgment in his favor. The doctrine applicable is thus stated in Thompson on Liability of Stockholders, sec. 424: "Where

separate actions are tolerated, the creditor of the corporation first suing a stockholder in respect of his individual liability, acquires, by the bringing of suit, a preference over other creditors, which neither they nor the stockholder can defeat, unless, possibly, by bringing a general winding-up bill. Such a suit may be said to be an equitable attachment of the stockholder's liability to the extent of the plaintiff creditor's claim. It follows that the stockholder can not, after notice of such a suit, defeat the suing creditor by paying the claim of other creditors as far as to exhaust his liability. If such a power existed, the stockholder could use it as a weapon to defeat creditors altogether." And to the same effect was the ruling in *Jones* v. *Wiltberger*, 42 Ga. 575. The case cited by counsel for appellant as holding to the contrary, (*City of Chicago et al.* v. *Hall et al.* 103 Ill. 342,) was a bill in equity to wind up the affairs of the corporation, and compel contribution by the stockholders,—or, as called in the quotation from Thompson on Liability of Stockholders, *supra*, a "general winding-up bill,"—and petition for leave to interplead therein; and so what was there said can not be pertinent here. In such case a court of equity marshals all the assets to which the creditors have a right to resort, equalizes the burdens upon the stockholders, and makes an equitable distribution among the creditors. The merely legal, as contra-distinguished from the equitable, rights of the parties, are not, necessarily, of controlling consideration.

The second question presents more difficulty; but our conclusion is, that there can be but one amount for which there is liability on account of the same share of stock, where that liability equals or exceeds the amount of such share. For that amount both the assignor and the assignee may be liable,—the assignor because the debt was incurred by the corporation within three months after the date of the assignment of the stock, and the assignee because it was incurred after he became the holder of the stock; but there can be

but one satisfaction. It has been decided, where the assignor is held liable on account of such stock after he has sold and transferred it to another, that he is entitled to recover the amount from the holder, into whosesoever hands it may have passed, upon the ground, as expressed, that "each successive owner stands in his shoes as respects the stock and the liabilities growing out of it." "This," say the courts, "arises out of the nature of the property, and the relations of the parties to it and to creditors, in connection with the equitable principle that he who derives all the advantages ought to bear the burdens." (*Brown* v. *Hitchcock*, 36 Ohio St. 680; *Johnson* v. *Underhill et al.* 52 N. Y. 203.) And this court applied the same doctrine to a case where, for lack of some legal formality, the equitable title only to the stock passed by a sale and attempted transfer,—*Kellogg* v. *Stockwell et al.* 75 Ill. 68. These cases proceed upon the hypothesis that the stock has attached to it a liability, equal in amount, on account of debts incurred by the corporation, to be discharged by whomsoever is, at the time such debts are incurred and for three months afterwards, its legal holder, and not upon that of the successive personal liability of each holder to the amount of the stock for debts contracted while he is holder. If each successive holder of stock may be charged with debts to the amount of the stock, as a personal liability, because of being holder, it would seem quite plain the assignee ought not to be liable to reimburse his assignor on account of a liability incurred by him, for in that event a double liability might, in many instances, be imposed on the assignee. If the liability is purely personal, then the person upon whom it is cast should bear it. Moreover, if each successive owner simply stands in the shoes of the first owner, and is only required to do what that owner would have had to do had he remained owner, then, since one payment of a liability equal to the amount of the stock would have relieved him of future liability, it must relieve them. The burden attaches to and

21—110 ILL.

goes with the stock, as an incident, until discharged, and should be discharged by him who, at the time it attaches, is owner.

But again, we have held that stockholders are entitled to have contribution on account of the payment of liabilities of this character, as between each other. (*Wincock* v. *Turpin*, 96 Ill. 135, and *Buchanan* v. *Meisser*, 105 id. 638.) If each successive assignee of stock may be held to a new and independent liability, this would be practically impossible. Contribution would have, of course, to be made only between those who are co-stockholders; but some of the shares might be often assigned, while others would remain until the last in the hands of the original subscribers. It could never be known with certainty, unless the corporation were wound up, what measure of liability would apply in a given case.

Counsel apprehend, if successive assignees are not held liable, as on an original and independent undertaking, the stock might eventually pass into new hands, freed of all individual liability. That is undoubtedly true; but may not the same thing happen, in precisely the same way, and the stock all remain in the hands of the original holders? If each stockholder shall discharge his obligation by paying an amount equal to the amount of the stock held by him, to a creditor of the corporation, he will thereafter hold his stock freed from further individual liability. We perceive no reason why greater danger is to be apprehended if the stock shall be assigned to new parties than if retained by the original parties.

The language employed, we are aware, is broad and comprehensive in its terms, "the stockholders," and strictly speaking, is descriptive of every person who may become the owner of stock. But when the object in view is taken into consideration, we think it was intended merely to describe those who were holders of stock at the time of the organization of the corporation, and fix a liability upon them on account of their

ownership of the stock. But inasmuch as the stock was transferable, the liability should, until discharged, pass with the stock,—they that should become its owners should take it with its burdens. We can not believe that it was ever contemplated that the holder of stock who to-day holds it free of liability, having yesterday discharged all liability on account of it, can not transfer it to another as free of liability as it was in his own hands. We do not believe that it was contemplated the act of transfer should itself create a new and independent liability upon the assignee which the assignor was not under, previous to the transfer.

The court below ruled otherwise, and for that error the judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT, dissenting.