RICHARDS v. BRICE.

(*Common Pleas of New York City and County, General Term.*  February 4, 1889.)

1. APPEAL—WHAT IS REVIEWABLE—NOTICE—INTERMEDIATE ORDERS.

A demurrer to an answer was overruled at the special term of the city court of New York, and the complaint dismissed because defective, and judgment ordered for defendant, on which order judgment was entered. An appeal was taken from the judgment only to the general term, the notice not specifying the order dismissing the complaint. *Held,* that the latter order was an intermediate order affecting the final judgment, within the meaning of Code Civil Proc. N Y §§ 1301, 1316, requiring the appellant, on an appeal from a final order, if he intends to review the intermediate order, to specify it in his notice of appeal, and was not reviewable by the general term.

2. SAME—APPEAL FROM CITY COURT—REVIEW IN COMMON PLEAS.

Nor can such order be reviewed in the common pleas on an appeal from the general term of the city court, though specified in the notice of that appeal, as by section 3191 an appeal may be taken to the common pleas only from an actual determination by the general term of the city court, where a final judgment has been rendered, on an appeal taken to the general term.

3. CORPORATIONS—LIABILITY OF STOCKHOLDERS—SECOND ACTION.

Payment in good faith by a stockholder of the entire amount of his statutory liability, under Laws N. Y. 1875, c. 611, to a creditor of the company after action brought, is a good defense to an action by another creditor of the company to enforce the stockholder's liability, though the latter action was commenced before the payment was made. The commencement of the action creates no lien on the stockholder's property.

On reargument of an appeal from a judgment of the city court, general term. Memorandum decision on original hearing, *post,* 947 Code Civil Proc. N Y. § 3191, provides that an appeal may be taken to the court of common pleas for the city and county of New York from an actual determination made by the city court at general term, where a final judgment has been rendered, on an appeal taken to the general term

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Wm. W. Badger,* for appellant. *Simpson, Thacher & Barnum,* (*Phillip G. Bartlett,* of counsel,) for respondent.

BOOKSTAVER, J. The action was brought against a stockholder of the American Opera Company for the statutory liability imposed by section 37 of chapter 611, Laws 1875. As stated in appellant's brief, an agreement was entered into between the parties to accept amended and supplemental pleadings in order to bring in certain admitted facts occurring after the action was commenced. The answer thus interposed alleged that the defendant had paid her full liability under that section to another creditor after suit brought. To this defense plaintiff interposed a demurrer, which was overruled at the special term of the city court, and judgment was ordered for the defendant, dismissing the complaint, under the familiar rule that on demurrer the court will consider the whole record, and give judgment to the party who appears to be entitled to it, on the ground that the complaint was defective in that it did not allege the issuing and return of an execution on the judgment on which the present action was based, before suit brought. Judgment was accordingly entered for the defendant on that order, and from this judgment only an appeal was taken to the general term of the city court. The order directing judgment in favor of the defendant was not appealed from, nor did the notice of appeal specify the interlocutory judgment or intermediate order. The general term of the city court affirmed the judgment on the ground taken at special term, notwithstanding there was no appeal from that order. From that judgment an appeal was taken to this court, which affirmed the judgment of the court below, on the ground originally taken at special term. A motion was then made for a reargument of the case, and, pending the hearing, the court of appeals, in *Walton* v. *Coe,* 110 N. Y. 109, 17 N. E. Rep. 676, decided that under the law of 1875 an action may be maintained against a stockholder

.after a suit has been commenced against the corporation, and before judgment; .and hence it follows that it is unnecessary to allege the issuing and return of the execution. This being decisive of the ground on which the demurrer was sustained originally, this court ordered a reargument.

The first question raised on this reargument is that, no appeal having been taken from the interlocutory judgment or order of the special term of the city .court, dated June 13th, the general term of that court could not review.it, and .could only determine whether the final judgment conformed with the direction of the intermediate order. The general term of the city court held that ·the order of June 13th, on which the judgment was entered, was neither an interlocutory judgment nor an intermediate order, and proceeded to review the decision of the special term as if it had been properly brought before it on .appeal. In this I think that court erred; for, while the order in question was not strictly an interlocutory judgment, it was an intermediate order necessarily affecting the final judgment, within the meaning of section 1316 of the ·Code, and in fact the only ground and basis of that judgment, and therefore, .under sections 1301 and 1316 of the Code, should have been distinctly specified in the notice of appeal. *Dick* v. *Livingston*, 41 Hun, 455; *Kaiser* v. *Independent, etc., Fund*, 52 N. Y. Super. Ct. 557; *Campbell* v. *Stock Exchange*, 57 N Y. Super. 558; *Reese* v. *Smyth*, 95 N. Y. 645; *Patterson* v. *McCunn*, 38 Hun, 531. These decisions are equally conclusive, I think, whether the special term order of June 13th be considered an order or an interlocutory judgment. These cases also hold that an amendment of the notice of appeal after the time allowed for an appeal cannot be permitted. I think this oversight .afterwards became apparent to the ·appellant, for she sought to improve her position by specifying this order in her notice of appeal to this court. Obviously this did not alter the case in any way. Nothing can be reviewed by ·this court but that which was before the general term of the city court on appeal, and as the order of June 13th was not properly before that court, it could ˉnot review it. It follows, therefore, that if the decision or order of June 13th was not properly before the city court to be reviewed on its merits, it should not be reviewed by this court. Code, § 3191; *Schermerhorn* v. *Anderson*, 1 N. Y. 430; *Delaney* v. *Brett*, 51 N. Y. 78; *In re Kellogg*, 104 N. Y. 648, 10 N. E. Rep. 152. And the judgment of the city court should be affirmed for ·the reason that the judgment entered was plainly in accordance with the order not appealed from. But, even if the order of June 13th, although not referred to in the notice of appeal, was properly before the general term of the .city court for review, then I think the decision arrived at by that court should not now be disturbed merely for the reason that the grounds upon which it based its decision were not well founded, if there are others on which it should have rested. The plaintiff, by her demurrer, admits all matter of fact properly set up in the defense of payment, and thus admits payment by the defendant to the Southern Trust Company of the amount of her liability as a .stockholder. Had this payment been made before plaintiff commenced her action, there can be no doubt that she would have been completely discharged from the statutory liability, under numerous decisions, among which may be mentioned *Mathez* v. *Neidig*, 72 N. Y. 100; *Garrison* v. *Howe*, 17 N. Y. 458; *Pfohl* v. *Simpson*, 74 N. Y. 143; *Chambers* v. *Lewis*, 28 N. Y. 454; *Weeks* v. *Love*, 50 N. Y. 568. That payment was under legal compulsion. The allegations of the answer show that no honest defense could have been made to ·the trust company's action, and defendant was not required to incur the expense of a fruitless defense. Even a voluntary payment before suit brought would probably have been a good defense. *Mathez* v. *Neidig, supra; Stover* ·v. *Flack*, 30 N. Y. 64.

This action was commenced on the 7th of April, 1887, by the service of a .summons. At this time ·plaintiff had not obtained a judgment against the .opera company. The Southern Trust Company duly commenced its action

against the defendant as a stockholder of the opera company on the 20th of April, 1887, on a judgment obtained against the opera company on the 21st of February, 1887, and on which an execution had been issued and returned unsatisfied, and the defendant in this action made the payment set up in her answer herein to the trust company, in the action so commenced, on the 6th day of May, 1887. The amended and supplemental complaint was not served until the 23d day of May, 1887; and the answer under consideration was not served until after that time. It will thus be seen that the defendant made the payment to the Southern Trust Company 17 days before the service of the amended complaint.

On these facts there is no question raised as to the right of the defendant to plead the defense, as appellant's brief states the pleadings were amended by agreement, among other things, in order to bring it in. But the question is whether a payment made by a defendant in good faith, of the entire amount of his liability, after the commencement of the action, is a good defense in actions against stockholders of a corporation. If it is not, it must be because the mere commencement of an action against a stockholder not only cuts off his right to pay any other creditor of the corporation the amount of his liability, but is a bar to any other action against him in the first suit if equal to or greater than his entire liability. In other words, it must be because the mere commencement of the action under this statute creates a lien upon the property of the stockholder to the amount of his liability under the statute, or sufficient to satisfy the claim of the creditor suing. Can this be true? The action is simply a common-law action to recover on a liability created by statute. The ground of the liability does not alter the nature of the action. At common law, the commencement of the action never created a lien on defendant property. That could only be acquired as to real estate by the docketing of the judgment, and as to personal property by the levy of an execution, except in those cases where some auxiliary process or an attachment is provided by statute. The claim of a lien or priority, then, must be based upon or inferred from the peculiar provisions of the statute creating the liability. But that statute, as I read it, contains nothing from which I can infer that the suits authorized by it were in any respect different from other actions at law. Nothing is said in regard to priority among creditors of the corporation. Under this and similar laws it has been repeatedly held that a creditor may bring an action like the present for his sole benefit, and thus insure his whole claim; or he may bring an equitable action for the benefit of all creditors against all stockholders, and in the latter case may enjoin the prosecution of actions already begun by single creditors against single stockholders. In such equity actions, if the debts are in excess of the liability of all the stockholders, the fund will be divided ratably among the creditors, without any preference to those who had first sued at law. 2 Mor. Priv. Corp. (2d Ed.) § 897; *Cochran* v. *Opera Co.*, Daily Reg. Jan. 5, 1888; *In re Bank*, 18. N. Y. 227; *Mathez* v. *Neidig*, 72 N. Y. 100; *Pfohl* v. *Simpson*, 74 N. Y. 137; *Weeks* v. *Love*, 50 N. Y. 568. And I think this is decisive of the question. If the law recognized any lien or preference in favor of the creditor first suing at law, it would be enforced in the equity action, and the creditor commencing such action preferred in distribution, whereas any such preference has been denied. It would be absurd to contend that such a lien is created by the statute when the same law sweeps it away at the suit of any creditor bringing an equity action.

It has been urged, in support of appellant's contention, that to allow the defendant to pay her liability to another creditor of the corporation would defeat the object of the legislature, and is against the policy of the act; that, if such payment were permitted, the stockholder might compel any one suing him to compromise for a small percentage of his claim, by threatening to pay another creditor. But as the stockholder can only discharge his liability by

paying in full, there does not seem to be such danger of the defeat of justice in that way as to make it necessary to deprive the stockholder who is liable of the right to discharge his obligation to redeem his part of the corporate debt by paying one creditor, rather than another. On the other hand, if the creditor commencing the first action at law thereby obtains a preference, any stockholder may have a collusive action brought against him for his entire liability, and let it hang indefinitely as a complete protection against *bona fide* creditors. Then, too, if several creditors commence their several actions against the same stockholder about the same time, as was the fact in this case, as I understand, he would have to note at his peril the one first brought, and plead that in bar of the rest. Thus it will be seen that the evils to be apprehended, if appellant's contention is sustained, are at least as great as if the other view prevails.

As far as I have been able to ascertain, there has been no decision in this state directly on the point. The case of *Weeks* v. *Love*, 50 N. Y. 571, cited by appellant, does not sustain his contention, as it only decides that a single creditor may sue at law, and the closing paragraph of the opinion rather sustains the opposite view. It reads: "The stockholder, when judgment has passed against him, and his personal liability is fixed for the debts of the corporation to an amount equal to the stock held by him, or when he has paid debts of the corporation to that amount, is relieved from further liability" under the act of 1848. As I understand, section 37 of the act of 1875 is only a re-enactment of section 10 of the act of 1848, except in regard to the issuing of the execution against the stockholder, which the former declares shall not be done until the issuing and return unsatisfied of an execution against the company. *Walton* v. *Coe*, 110 N. Y. 112, 17 N. E. Rep. 676. There has been a wide difference of opinion on this question among text writers and the courts of other states. Cook, Stocks, (in note 4 to section 227, p. 223, and note 3 to the same section, p. 227,) says: "When a creditor has actually commenced a suit to enforce the statutory liability of any individual shareholder, it is then too late for that shareholder to defeat the action by paying some other corporate creditor's claim;" but gives no reason therefor. He, however, cites, in support of the proposition, *Jones* v. *Wiltberger*, 42 Ga. 575, which was decided by a divided court, and *Thebus* v. *Smiley*, 110 Ill. 316, which latter decision is based on *Thompson* v. *Meisser*, 108 Ill. 359. The reasoning in these two cases is opposed to the reasoning in the earlier case of *City of Chicago* v. *Hall*, 103 Ill. 342. But the conclusion to which I arrive is fully sustained by *Manville* v. *Roever*, 11 Mo. App. 317; *Association* v. *Kellogg*, 63 Mo. 540; and I think the reasons therein given are of greater force, and more conclusive, than the reasons given for the opposite view. The judgment should therefore be affirmed, with costs. All concur.