## WEBSTER v. CLARK.

(Supreme Court, General Term, First Department.    February 17, 1893.)

APPEAL—FINAL AND INTERLOCUTORY JUDGMENTS—NOTICE.
> Under Code Civil Proc. § 1301, providing that where an appeal is from a final judgment, and appellant intends to bring up for review thereon an interlocutory judgment, it must be distinctly specified in the notice of appeal, there can be no review of interlocutory judgments or intermediate orders unless originally specified in the notice. the court being without power to allow an amendment, the time for appeal having expired.

Appeal from special term, New York county.

Action by Georgianna F. Webster against Lemuel B. Clark, who died before entry of judgment, and Mary J. Clark, his executrix, was

substituted in his place.    From a final judgment for plaintiff, entered on an interlocutory judgment, and on the report of a referee, defendant appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Ira Shafer, for appellant.

Vanderpoel, Green & Cuming, (Robert S. Green and Henry Thompson, of counsel,) for respondent.

FOLLETT, J.    This action was begun June 5, 1885, to compel defendant's testator, Lemuel B. Clark, to account for rents received from two houses on Seventy-Fourth street, one on Seventy-Ninth street, and a tract of land 135 feet wide, bounded on the north by Eighty-Sixth street, and on the south by Eighty-Fifth street, to which property the plaintiff once held the legal title.    The defendant's testator was an attorney at law, and the attorney for the plaintiff in certain litigations concerning the title to this property.    January 9, 1874, the plaintiff conveyed the two houses on Seventy-Fourth street to Lemuel B. Clark, and January 29, 1874, the property between Eighty-Fifth and Eighty-Sixth streets to Jeremiah Brown, and February 7, 1874, she conveyed to said Brown the property on Seventy-Ninth street.    Brown was a nephew of Clark.    The plaintiff alleges that the conveyances were made as security for the charges of Clark as her counsel in the litigations then pending and contemplated, and that he agreed to account for the rents and profits.    Previous to these conveyances there had been litigations over the title to the property when held by one Geery, the father of the plaintiff, which suits had been conducted by Clark, who, in his answer, alleges as a defense:

"Finally, after many conversations respecting the matter, and the said Geery and wife having no money or property standing in the name of either of them, and each of them being wholly insolvent, and it being apparent that the litigation so commenced against them would be long and expensive, and probably would result adversely, it was agreed by the said William Geery and his wife and the plaintiff and this defendant as follows:    (1) That the plaintiff, Georgianna F. Webster should convey the property on Seventy-Fourth street described in the complaint to the defendant absolutely, the same to be his absolutely, in payment for the money due to him from William Geery, as aforesaid, and in part payment for his services and counsel fees and disbursements in or concerning the said suit against the said William Geery and Louisa Geery,° his wife; (2) that the said Georgianna F. Webster should convey the said property on Eighty-Sixth and Eighty-Fifth streets and Seventy-Ninth street and Lexington avenue, described in the complaint, to Jeremiah Brown; and, if the said William and Louisa Geery were successful in defeating the plaintiffs in the said suit, or in any other suit or proceeding which might be brought to reach the said property, the defendant should have and keep one half of this Eighty-Fifth and Eighty-Sixth street property, and its proceeds and all the rents which he might get therefrom, and the amount of all taxed costs, and a fair and reasonable counsel fee besides, and he was also to be allowed and repaid all moneys and interest on same which he might pay out for any purpose deemed necessary by him to aid in keeping said property from the creditors of William Geery, and also all his disbursements. And the plaintiff assented and agreed to the said agreement, and every part thereof; and thereupon, but after a good deal of delay, the plaintiff, in pursuance of said agreement, by deed dated January 9, 1874, conveyed the Seventy-Fourth street property to this defendant, and by deeds dated January 28, and February 7, 1874, she conveyed the Eighty-Fifth and Eighty-Sixth street and Seventy-Ninth street and Lexington avenue property to the said Jeremiah Brown, both of which conveyances to him, the said Brown, and all the deeds and conveyances to him,

were made for the purpose of hindering, delaying, and defrauding the creditors of William Geery, and of covering up the said property, it being in fact the property of William Geery, and to enable him to defraud the estate of his brother, the late Isaac Geery, and particularly the said Geery and Scholes, as executors aforesaid, who had recovered the said large judgment against him, the said William Geery, and for the purpose of having this defendant defend said suit against the said William and Louisa Geery, as their attorney and counsel, and any other suit or suits which might be brought to reach said property, and to insure the carrying out of said agreement with this defendant, and for no other or different object or purpose. "

This action was tried at special term, and an interlocutory judgment entered December 28, 1887, which held that Lemuel B. Clark, the defendant, was a trustee for the plaintiff, and liable to account as such. A reference was ordered to take and state the accounts. The defendant preferred requests pursuant to section 1023, some of which were allowed, and others refused; but no exceptions were filed or served to the refusal of the court to find or decide as requested until November 7, 1890, when the defendant filed so-called "exceptions" to the order and final judgment, and to the refusal of the special term to find facts and conclusions of law as requested. January 5, 1888, the defendant served and filed exceptions to all of the findings of fact and conclusions of law. August 25, 1890, the referee reported that there was due from the plaintiff to the defendant $92,808.33. No requests were made to the referee to find facts. At some time the defendant filed and served exceptions to the referee's report. In October, 1890, the case was brought to a hearing at special term, on the interlocutory judgment, the exceptions thereto, and the report of the referee, and a judgment ordered for the plaintiff for the amount reported, with costs. October 19, 1890, a final judgment was entered in favor of the plaintiff, for $95,512.28. November 7, 1890, the defendant appealed from the order of the special term directing final judgment, and on the same day he appealed from that judgment, but did not refer to the interlocutory judgment in his notice of appeal, which latter judgment has not been appealed from.

We think the facts were well founded by the special term, and were sustained by the evidence, but a question about to be stated renders unnecessary a discussion of the conduct of the parties, and especially of the defendant's testator, which, to say the least, was, according to his verified answer, very unprofessional. "Where the appeal is from a final judgment, * * * and the appellant intends to bring up for review thereupon an interlocutory judgment, * * * he must, in the notice of appeal, distinctly specify the interlocutory judgment * * * to be reviewed." Code Civil Proc. § 1301. Under this section it has been repeatedly held that neither "interlocutory judgments" nor "intermediate orders" can be reviewed upon an appeal from a final judgment, unless they are specified in the notice of appeal. Lavelle v. Skelly, 24 Hun, 642, 90 N. Y. 546; Piper v. Van Buren, 27 Hun, 384; Richards v. Brice, (Com. Pl. N. Y.) 3 N. Y. Supp. 941; Patterson v. McCunn, 38 Hun, 531; Dick v. Livingston, 41 Hun, 455. The cases cited also held that the omission to specify the interlocutory judgment or intermediate order cannot be remedied by an amendment, the court being without power to authorize an amendment, and thus extend the statutory

time in which an appeal may be taken. There being no appeal from the interlocutory judgment, this court is without power to reverse or affirm it. The notice of appeal brings up for review the final judgment only, and the question raised on the accounting before the referee. However, the learned counsel for the appellant not only failed to discuss any of the questions raised on the hearing, but, on the contrary, expressly asks this court not to consider those questions, as he desires the judgment affirmed or reversed as a whole.

The final judgment should be affirmed, with costs. All concur.