LAURAGLENN MILLS v. RUFF.

SAME v. FREIDHEIM & BRO.

SAME v. RODDY.

CORPORATION—STATUTORY LIABILITY—SET OFF—CREDITOR.—In an action by an outside creditor of a corporation to enforce the statutory liability against a stockholder, the latter cannot set off a debt due by the corporation to himself.

Before GARY, J., York, April, 1899. Reversed.

Actions by Lauraglenn Mills against A. T. Ruff; Same against A. Friedheim & Bro.; and Same against W. L. Roddy. The plaintiff appeals in all the cases.

*Mr. Wm. J. Cherry,* for appellant, cites: 53 S. C., 584; 55 S. C., 98; 25 S. C., 356; 108 Ill., 362; 110 Ill., 316; 42 Ga., 575; 43 Me., 404; 47 Me., 540; 105 Ill., 639; 8 Fed. R., 57; 32 Fed. R., 130; 13 Rich. Eq., 25; 22 S. C., 297.

*Messrs. Wilson & Wilson,* contra, cite: 25 S. C., 348; 72

N. Y., 100; 73 N. Y., 620; 18 N. Y., 199; 17 N. Y., 458; 90 N. Y., 353; 56 Ga., 563; 38 Fed. R., 807.

March 22, 1900.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   The appeals in the three cases above stated, involving the same question, were heard and will be considered together.   The actions were brought by the plaintiff, as a creditor of the Globe Cotton Mills, an insolvent corporation, to recover from the defendants severally five per cent. of the amount of the stock held by the defendants, respectively, in said insolvent corporation.   The statute reads as follows: "That each stockholder in any such corporation shall be jointly and severally liable to the creditors thereof in an amount, besides the value of his share or shares therein, not exceeding five per cent. of the par value of the share or shares held by such stockholder at the time the demand of the creditor was created," &c.—the balance of the section not being pertinent to the present inquiry—sec. 1500, Rev. Stat. of 1893.   Each of the defendants answered, setting up, amongst other things, the defense by way of set off, that the Globe Cotton Mills was indebted to each of them in an amount exceeding the amount of plaintiff's demand. To such defenses the plaintiff demurred in each of the three cases, upon the ground that the indebtedness of the Globe Cotton Mills to the defendants, respectively, cannot be pleaded as a defense by way of set off to the demand of the plaintiff.   These demurrers were overruled by the Circuit Judge in a short order, giving no reasons, and the plaintiff appeals in each of the cases upon the grounds set out in the record, which need not be set out here, as the sole question presented for the decision of this Court is, whether a stockholder in a corporation, who is also a creditor of such corporation, can set up, by way of defense, his claim against the corporation, to an action at law brought by a creditor of such corporation, who is not a stockholder, to recover from him the amount of his statutory liability.

So far as we are informed, we have no case in this State which decides this particular question, and the authorities elsewhere are not in harmony. We must, therefore, rest our decision upon reason, aided by such authorities, elsewhere, as seem to us to be the better founded in reason. It is conceded that, if this were an action on the equity side of the Court, in the nature of a creditor's bill, the right of set off here claimed could not be allowed, under the authority of *Parker* v. *Bank,* 53 S. C., 583, and *Efird* v. *Piedmont &c. Co.,* 55 S. C., 78, besides other cases that might be cited. But it is contended that the rule does not apply to a case like this, where a single creditor of an insolvent corporation brings an action at law against a single stockholder of such corporation, to recover the amount of his liability fixed by the statute. We are unable to perceive any sufficient reason for the distinction claimed. At common law, the stockholders of a corporation could not be liable, individually, for the debts of such corporation. But the growth of these artificial bodies has become so great and their powers so extensive, that the legislature has deemed it necessary, when asked to confer upon an association of persons corporate powers, to accompany the grant of such powers with such qualifications and conditions as are supposed to be necessary for the protection of individual citizens, especially creditors of corporations. One of these conditions is that the persons composing such corporations—the stockholders—shall become liable, individually, for the debts of the corporation to the extent prescribed by the charter of such corporation. Now what are the rights conferred upon a creditor of the Globe Mills by the charter of that corporation? This question can best be answered in the language of this Court, in the case of *Hall* v. *Klinck,* 25 S. C., at page 356, when the Court was considering the scope and effect of another charter practically the same as that of the Globe Mills, so far as it related to the provision making stockholders liable for the debts of the corporation, to the extent prescribed. There the Court said: "It seems to us that the intention of the legislature, as

derived from the language used in the charter now under review, was to protect the interests of creditors and not stockholders of the corporation, by affording the former a cheap and expeditious mode of enforcing the payment of their debts; thus ensuring, as far as practicable, the utmost good faith and the most prudent management on the part of those interested in corporations, which, by virtue of associated capital, energy and brains, necessarily acquire large advantages over the individual citizen. If the liability secured by this act could only be enforced by a proceeding in equity, oftentimes tedious and expensive, it would amount to a practical denial of the security intended to be afforded, in many cases; for creditors holding small demands would be deterred, by the expense and delay which they would have to encounter, from availing themselves of the remedy provided." Hence it was held, in that case, that there was no error on the part of the Circuit Judge in holding that the plaintiff could maintain an action at law against a single stockholder to recover the amount due him to the extent of the liability imposed upon him by the charter. If, therefore, such an action can be maintained, then it must, in the absence of any provisions to the contrary in the charter (and there is nothing of the kind here), be governed by the same rule as would apply to any other action at law on an ordinary money demand. One of these well settled rules is that, in such an action, to entitle the defendant to plead a set off as a defense, the claims must be mutual—and here the essential element of mutuality is entirely wanting; for it is not pretended that the plaintiff owes defendant anything; but the defendant is seeking to escape a liability imposed upon him by statute, by showing that this insolvent corporation, from which plaintiff has been unable to obtain payment of his claim, owes him a debt. In other words, the proposition relied upon by defendant in support of his claim amounts practically to this: that a stockholder of an insolvent corporation, when sued by a creditor of such corporation for the liability imposed upon each stockholder by the terms of the charter of the corpora-

tion, may avoid such liability by showing that the corporation is indebted to him in an amount exceeding the plaintiff's claim.    Such a proposition does not commend itself to our approval; especially when, in many cases, such a proposition, if approved, would defeat the very object of the statutory provision, which, as we have seen, was intended "to protect the interests of creditors and not stockholders."    If it should be said, as has been said in some of the cases that refuse to allow a stockholder when sued by a single creditor, to plead as a defense by way of set off that the corporation is indebted to him, that it would sometimes operate inequitably as between the defendant in such a case and the other stockholders, the answer may be found in the case just cited, where the Court, in referring to this point, used the following language: "If the remedy given operates harshly or inequitably as between the stockholders themselves, it is for them, and not the creditors, to invoke the aid of that tribunal which has the power to adjust the equities amongst themselves"—citing *Ogilvie* v. *Knox Insurance Company,* 22 How. (U. S.), 380.    See, also, a similar view thrown out by Denis, J., in *Garrison* v. *Howe,* 17 N. Y., 458—one of the cases cited by appellant in his argument here.    On the other hand, it may be said that to allow a defense by way of set off in a case like the present, would, in some cases, result in giving the stockholder, who is likewise a creditor of an insolvent corporation, a preference over all the other creditors; for it would be difficult to conceive of a case in which a stockholder, who is also a creditor of an insolvent corporation, might be able to obtain satisfaction, in full, of his claim against such corporation, if he is allowed to set off such claim as a defense to an action brought by an outside creditor to recover from such stockholder the amount of his statutory liability, while all the other creditors would be able only to obtain a small per centage of their claims.

We will next proceed to notice some of the authorities which have been cited on the one side and on the other of the question upon which these appeals turn.    First, as to the cases

which are cited to sustain a different view from that which we have adopted. Our attention has been specially invited to the case of *Mathez* v. *Neidig*, 72 N. Y., 100, in which it was held that "An action at law cannot be maintained against a stockholder who is also a creditor to an amount equal to his stock (meaning, no doubt, the amount for which he may be made individually liable under the statute), for the reason that he has an interest in the fund sued for, and it cannot be known but that the whole fund is sufficient to pay all the debts. No accounting can be had, because the proper parties are not before the Court * * *" this is not "strictly an offset at law, but it is a defense to this form of action in the nature of an equitable set off, based upon the equitable rights of the defendant to the fund sought to be taken from his possession, without the necessary facts appearing to enable the Court to determine the extent of those rights." In that case, the Court concedes that the defendant in such a case may preserve his equities, as between himself and the other stockholders, by bringing an action for accounting, in accordance with the suggestion of Denis, J., mentioned above. In Mathez *v.* Neidig, Church, C. J., bases his conclusion upon *Garrison* v. *Howe*, 17 N. Y., 458, and *U. S. Trust Co.* v. *U. S. Fire Ins. Co.*, 18 N. Y., 199 (referred to as the Empire City Bank Case), and also upon the ground that: "Stockholders have the same right to deal with the corporation that other persons have, and as creditors they are entitled to the same measure of protection." But at the same time he recognizes the fact that, under the doctrine he contends for, there is danger that officers of the corporation might make preferential payments to favored creditors, and thus work injustice to others. In view of our own case of Hall *v.* Klinck, *supra,* we do not think that the case of Mathez *v.* Neidig affords any obstacle to the adoption of the conclusion which we have reached; for that case, as well as the other New York cases cited, proceed upon a view of a statute imposing individual liability upon the stockholders of an insolvent corporation, just the opposite of that which has

been taken in this State of such a statutory provision; for, as has been shown, our Court has, in Hall v. Klinck, held that such a statutory provision is intended for the protection of the interests of creditors and not stockholders, while the New York Courts seem to consider that, at least, one of the purposes of such a statutory provision is to protect the interests of the stockholders, and to enforce the equities between them, notwithstanding the conceded danger that in so doing the stockholder, who is also a creditor, may obtain an unjust preference over the other creditors.   We need not, therefore, consider in detail the other New York cases cited to sustain the conclusion reached by the Circuit Judge in this case.   The case of Wells v. Stout, 38 Fed. Rep., 807, cited by respondent's counsel, seems rather to sustain our view; for it is there said: "If the facts pleaded show that the claim (referring to that relied on as a set off) amounted only to a debt due from the bank, arising out of the ordinary relation of debtor and creditor, then no facts exist entitling the holder of such a claim to a preference in payment over the other general creditors, and in such cases the stockholder cannot avail himself of the right to set off a debt due him from the bank, for that would be giving him an undue preference at the expense of the other creditors."   In the case of Boyd v. Hall, 56 Ga., 563, also cited by counsel for respondent, it was held that, even in equity, a stockholder, who has recovered a judgment against the corporation, may set off the amount of the same in an action brought by a creditor to make him liable, individually, in proportion to his stock. This being in conflict with our own cases of Parker v. Bank and Efird v. Piedmont &c. Co., above referred to, affords no authority here.

We next proceed to notice some of the cases cited by appellant's counsel which sustain our view.   In Thompson v. Meisser, 108 Ill., 359, the question with which we are concerned seems to have been fully considered, and the Court there lays down the following proposition, sustained, as it is said, "by a decided weight of authority:" "That in an action

by an outside creditor of the corporation to enforce his personal liability against a stockholder, the latter cannot set off a debt due from the corporation to himself"—citing a number of cases. So in *Buchanan* v. *Meisser,* 105 Ill., at page 643, it is said: "It is quite clear that, to an action at law, brought by a creditor of the corporation against a stockholder, under this section, the stockholder cannot plead, as a set off, an indebtedness of the corporation to himself, because such indebtedness is, in no sense, that of the party suing; and debts to be set off at law must be mutual, and between the same parties." To the same effect, see *Thebus* v. *Smiley,* 110 Ill., 316, and *Hobart* v. *Gould,* 8 Fed. Rep., 57, where it is said: "But if he (speaking of a stockholder who is also a creditor of the corporation) could set off his claim as a creditor against his liability as a stockholder, he might be paid in full, while the other creditors would receive only a part of the amount due them." It seems to us, therefore, that, both upon principle and authority, the demurrer to the answers should have been sustained, and that the Circuit Judge erred in holding otherwise.

The judgment of this Court is that the orders appealed from be reversed, and that the cases be remanded to the Circuit Court for such further proceedings as may be necessary.