**Anna Calder, Appellee, v. The Calder Packing Company et al., Appellants.**

## Gen. No. 15,446.

1. CORPORATIONS—*what not defense to action to enforce stock liability.* "In an action by a creditor of a corporation against a stockholder to enforce his individual liability to creditors for an amount equal to his stock in the corporation the stockholder will not be allowed to set off against his liability an indebtedness of the corporation to him."

2. CORPORATIONS—*when action lies to recover stock liability under section 25 of act.* If a creditor has obtained a judgment against a corporation and has obtained a return of execution no

property found he may maintain an action agaist a stockholder to collect his unpaid subscription without showing that the assets of the corporation defendant had been exhausted.

Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed April 7, 1911.

**Statement by the Court.** On July 1, 1907, the appellee recovered a judgment against the Calder Packing Co., an Illinois corporation, one of the appellants, for $1,026.85. On August 20, 1907, an execution was issued upon the judgment, and on August 29th the bailiff returned the writ *"nulla bona."* The appellee then filed her bill against the Packing Company, Jacob Baur and others, seeking to hold the defendants other than the packing company on their subscriptions to the capital stock.

Jacob Baur now prosecutes his appeal from the decree against him, as hereinafter set forth.

The bill charged that the packing company was organized with a capital stock of $10,000, divided into 100 shares of $100 each; that the subscriptions to the stock were as follows: Ira Calder, 26 shares; Lewis Calder, 25 shares; John W. Hirst, 25 shares; Virginia Sharman, 14 shares; Jacob Baur, 10 shares.

Baur does not deny having signed the subscription. It was admitted at the hearing that Baur gave checks, payable to Ira Calder and indorsed by him and deposited to the credit of the Calder Packing Company, as follows: January 28, 1905, $1,000; October 24, 1905, $300; July 24, 1906, $500; October 22, 1906, $300. Notes were given for all of these amounts, but the only one that needs to be considered is the one made January 30, 1905, for $1,000. It is insisted by appellee that this check was made as a loan to the company, which was represented afterwards by the note for $1,000, above referred to. Baur, on the other hand, claims that the check for $1,000 was given in payment for his subscription to the capital stock of the company.

It appears from the testimony of at least one of the witnesses that when loans were made to the company it was quite usual for the notes to bear a later date than that on which the loan was made. Mr. Baur's testimony in regard to the note for $1,000 was that he did not remember exactly what Calder's idea was in leaving the note with him; that the note was a sort of family affair; that he never expected to make any profit out of it at all; that he advanced the money to help the business along; that he gave Calder $1,000 for the stock, and the idea was that if the company made any money that money was to be paid to him before dividends were paid. He says, "It is possible that this note was given in the way of additional security for the $1,000 that I put up;" that he simply kept the note in his possession and did not regard it as of any value, because it was all a matter of experiment. He testified that the other amounts that he paid to the company were loans.

The master found that John W. Hirst, Virginia Sharman and Jacob Baur, having advanced or paid money to the packing company and having simultaneously received its notes for the exact amounts upon the same days that the said various sums were being advanced in consideration thereof, and which notes the said several subscribers still hold and claim unpaid and unsatisfied, that the said subscribers cannot now be considered in a court of equity as occupying the position of paid-up stockholders as against a *bona fide* judgment creditor.

The decree substantially confirms the master's report and finds that Jacob Baur was a subscriber to 10 shares of stock; that he made divers loans upon an agreement theretofore entered into by him and other of the defendants, to the packing company, and received promissory notes which were retained by him and not marked "cancelled" or "paid;" that there remains due and unpaid from the said Jacob Baur the said sum of $1,000 upon his subscription; that there is

now due to the complainant $1,105.30, the same being the amount of the judgment, interest and costs, and costs of suit; that all of the material allegations of the bill have been fully supported by the proof and the evidence submitted.

The decree ordered that an execution issue against Ira Calder in the sum of $797.25 with interest, and against Jacob Baur in sum of $307.03 with interest, and that upon the inability of the sheriff to realize upon execution the said sums from Calder and Baur, respectively, in the proportion above set forth, that complainant have leave to obtain an execution against either Calder or Baur for the full amount of their liability for the unpaid balance of complainants' claim.

BENJAMIN T. ROODHOUSE, for Jacob Baur, appellant; ALFRED W. CRAVEN, of counsel.

STEDMAN, SOELKE & SHUTAN, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

The appellant, Jacob Baur, bases his right to a reversal of the decree upon the propositions that the appellee did not establish her right to pursue stockholders' liability by showing exhausting of the corporate assets; that the answer under oath not having been waived, and the answer of the appellant being under oath, the decree should be reversed because the complainant did not overcome the answer by the testimony of two witnesses or the equivalent thereof; that the proof showed that the stock subscriptions have been discharged by payment; that as the notes of the company held by the appellant were not to be paid until all of the debts of the company had been paid, they were not enforceable against the company and could not diminish the assets of the company; that they did no more than constitute the appellant a preferred stockholder.

Appellant admits that when payments to the corpo-

ration are made on account of bonds or notes given by the corporation and the stock given as a bonus, that the stock liability remains unpaid, but insists that where the money is paid to the corporation on account of stock subscriptions, and the agreement only touches the question of dividends after debts are paid, no stock liability remains; and cites Gillett v. Chicago Title & Trust Co., 230 Ill. 373.

Preferred stock cannot be made in any such way as this. In the Gillett case the question was whether the holders of bonds should participate with others as creditors of the corporation. No such question arises in the case now before us.

In our opinion, the only question in this case is whether the $1,000 check was given by Baur to the packing company as payment for his stock or as a loan. In Thebus v. Smiley, 110 Ill. 316, it was said:

"In an action by a creditor of a corporation against a stockholder to enforce his individual liability to creditors for an amount equal to his stock in the corporation, the stockholder will not be allowed to set-off against his liability an indebtedness of the corporation to him."

Mr. Baur's explanation of why the note was given to him is not satisfactory. He regarded it, he says, as additional security for the $1,000. Inasmuch as he had subscribed for 10 shares of stock of the par value of $100 each, he was not entitled to any "additional security" from the corporation. On the theory that he now maintains the acceptance by him of the promissory note for $1,000 shows that he regarded the money that he paid to the corporation not as payment for his stock but as a loan represented by the note which was afterwards given him.

The appellant insists that the record in this case does not show that the assets of the corporation have been exhausted, and therefore the appellee could not maintain her bill. We think that counsel for appellant misapprehends the situation. Section 25 of the Corporation Act, being Chapter 32, permits suit to be

brought against stockholders for unpaid subscriptions if the corporation "or its authorized agent shall do or refrain from doing any act * * * or shall allow any execution or decree of any court of record, for payment of money after a demand made by the officer, to be returned 'No property found'" etc.

In this case judgment was obtained in the Municipal Court, which is a court of record, and a return was made by the bailiff "No property found." This entitled the complainant to begin her suit under section 25.

Complaint is made by the appellant that the Municipal Court did not get jurisdiction. The master in chancery and the court both found against him on this proposition, and, we think, correctly.

The appellant has filed 19 assignments of error. We have considered all of them carefully with reference to the testimony in the case, the master's report and the decree, and think none of them well-founded.

*Judgment affirmed.*